**UNITED STATES COURT OF INTERNATIONAL TRADE**

**Before: The Honorable Jennifer Choe-Groves, Judge**

| | |
|---|---|
| NORCA INDUSTRIAL COMPANY, LLC, <br><br> Plaintiff, <br><br> and <br><br> INTERNATIONAL PIPING & PROCUREMENT GROUP, LP, <br><br> Consolidated Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Consol. Court No. 21-00192 |

**PLAINTIFF INTERNATIONAL PIPING & PROCUREMENT GROUP, LP'S RULE 56.2 MOTION FOR JUDGMENT ON THE AGENCY RECORD**

Plaintiff International Piping & Procurement Group, LP ("Plaintiff" or "IPPG") moves for judgment on the agency record under the United States Court of International Trade Rule 56.2.

IPPG challenges the United States Customs and Border Protection's November 6, 2020 Final Determination, as affirmed by the March 22, 2021 Administrative Review as being unsupported by substantial evidence, arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

Specifically, the finished carbon steel butt-weld pipe fittings IPPG imported from Vietnam are not covered, as a matter of law, by the antidumping duty order on carbon steel butt-weld pipe fittings from the People's Republic of China. There was thus no basis to initiate the investigation under the Enforce and Protect Act, let alone find that IPPG imported covered merchandise into the United States through evasion. Furthermore, the findings on which CBP bases its evasion

determination is the result of speculation, unsupported by substantial evidence, and, in fact, is contradicted by record evidence. Finally, CBP deprived IPPG of due process throughout the investigation by withholding documents from IPPG, and drawing adverse inferences against IPPG based on perceived discrepancies in documents produced without providing IPPG notice and an opportunity to address the alleged discrepancies.

The Court consolidated IPPG's action challenging CBP's evasion determination, *Int'l Piping & Procurement Group, LP v. United States*, Court No. 21-193, under *Norca Industrial Company, LLC v. United States*, Consol. Court No. 21-00192. In view of this consolidation, and to avoid duplicative filings presenting the same arguments challenging CBP's evasion determination, IPPG expressly incorporates and adopts in support of its motion for judgment the Memorandum of Points and Authorities that Plaintiff Norca Industrial Company, LLC filed in support of its Rule 56.2 Motion for Judgment on the Agency Record.

WHEREFORE, IPPG requests that this Court enter an Order: (1) holding CBP's Final Determination, as affirmed by the Administrative Review, is not supported by substantial evidence, is arbitrary and capricious, an abuse of discretion, and is otherwise not in accordance with law; (2) vacating the Final Determination and Administrative Review, and (3) prohibiting CBP from taking further adverse action based on the Final Determination, as affirmed by the Administrative Review.

Date: August 20, 2021

Respectfully submitted,

*/s/ Jeremy W. Dutra*
Peter Koenig
peter.koenig@squirepb.com
Jeremy W. Dutra
jeremy.dutra@squirepb.com
Christopher D. Clark
christopher.clark@squirepb.com

SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
(202) 457-6000

*Counsel to Plaintiff International Piping & Procurement Group, LP*

# UNITED STATES COURT OF INTERNATIONAL TRADE

Before: The Honorable Jennifer Choe-Groves, Judge

| | |
|---|---|
| NORCA INDUSTRIAL COMPANY, LLC,<br><br>   Plaintiff,<br><br>and<br><br>INTERNATIONAL PIPING & PROCUREMENT GROUP, LP,<br><br>   Consolidated Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>   Defendant. | Consol. Court No. 21-00192 |

## ORDER

Upon consideration of Plaintiff International Piping & Procurement Group, LP's Rule 56.2 Motion for Judgment on the Agency Record and other papers and proceedings herein, IPPG's Motion is GRANTED and it is hereby:

**ORDERED** that the United States Customs and Border Protection's November 6, 2020 Final Determination of evasion, as affirmed by the March 22, 2021 Administrative Review, is reversed because it is unsupported by substantial evidence, and is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law; and is

**FURTHER ORDERED** that CBP is enjoined from taking adverse action against IPPG based on the November 6, 2020 Final Determination and March 22, 2021 Administrative Review.

**SO ORDERED.**

Dated:_____, 2021     _____
 New York, New York          Jennifer Choe-Groves, Judge