UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| NORCA INDUSTRIAL COMPANY, LLC,<br><br>   Plaintiff,<br><br>INTERNATIONAL PIPING & PROCUREMENT GROUP, LP,<br><br>   Consolidated Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>   Defendant. | Consol. Court No. 21-00192 |

# ORDER

Upon review of defendant's motion for voluntary remand, and all other pertinent papers, it is hereby

ORDERED that the motion is granted; and it is further

ORDERED that the March 22, 2021 final administrative determination by U.S. Customs and Border Protection (CBP) is remanded to CBP for further consideration; and it is further

ORDERED that the remand shall be completed and filed within one-hundred (100) days of the date of this Order; and it is further

ORDERED that the briefing under the current scheduling order is suspended.

Dated: _____                                      _____
       New York, NY                                                           JUDGE

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| NORCA INDUSTRIAL COMPANY, LLC,<br><br>    Plaintiff,<br><br>INTERNATIONAL PIPING & PROCUREMENT GROUP, LP,<br><br>    Consolidated Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant. | Consol. Court No. 21-00192 |

**DEFENDANT'S MOTION FOR VOLUNTARY REMAND
AND TO SUSPEND THE CURRENT BRIEFING SCHEDULE**

    Pursuant to Rule 7 of the Rules of the Court, defendant, the United States, respectfully requests that the Court remand the March 22, 2021 final administrative determination by U.S. Customs and Border Protection (CBP), which resulted from the administrative review conducted pursuant to the Enforce and Protect Act (EAPA), 19 U.S.C. § 1517.  Counsel for the Government has conferred with the counsel for Norca Industrial Company, LLC (Norca) and International Piping & Procurement Group, LP (IPPG), who indicated that their clients are not opposed to a voluntary remand, but believe that, for the reasons stated in their motion for judgment, the remand should extend to other issues raised in their motion.

    Remand would allow CBP to provide the "third party" referenced in Norca's memorandum of points and authorities (ECF No. 21 at 19) an additional opportunity to bracket the business confidential information in its submissions to CBP.  Additionally, if the third party

fails to do so, remand would allow CBP to provide a public summary of those materials. Remand would further allow CBP and the parties to file public summaries of business confidential information that was withheld from the public record. These steps will enable the public record to be as complete as possible for the purposes of informing the parties' presentations before, and the decisions of, the Trade Remedy Law Enforcement Directorate (TRLED) and Regulations and Rulings (R&R). As demonstrated below, our request for a voluntary remand for reconsideration is substantial and legitimate, conserves judicial resources, and fosters the just and efficient resolution of this matter. USCIT R. 1.

## BACKGROUND

On November 5, 2019, CBP initiated a formal EAPA investigation into whether Norca evaded an antidumping duty order on certain carbon steel butt-weld pipe fittings (CSBW fittings) from the People's Republic of China (Order No. A-570-814) (the Order) with its entries of merchandise into the United States.[1] *See* Public Admin. Rec. Doc. No. 19; Compl. ¶ 5.

On November 6, 2020, TRLED rendered a determination of evasion. *See* Public Admin. Rec. Doc. No. 368; Compl. ¶ 12. It determined that substantial evidence demonstrated that the finished CSBW fittings that Norca bought from its Vietnamese supplier, BW Fittings Co., Ltd. (BW Fittings) and imported into the United States were produced from Chinese-origin rough fittings covered by the Order, which did not undergo processing in Vietnam that would transform the goods into products of Vietnam. *Id.*

---

[1] On February 10, 2020, this investigation was consolidated with the investigation of International Piping & Procurement Group, LP (IPPG) at the Notice of Initiation and Interim Measures stage. IPPG is also appealing from CBP's final administrative decision, and that case (Court No. 21-193) has been consolidated into this case. *See* Consolidation Order (ECF No. 14).

2

On March 22, 2021, following a *de novo* administrative review of TRLED's finding of evasion, R&R affirmed the finding of evasion.  *See* Public Admin. Rec. Doc. No. 379; Compl. ¶ 14.

This lawsuit followed.

## ARGUMENT

I. **Standard Of Review**

"When an agency action is reviewed by the courts, . . . the agency may request a remand, without confessing error, to reconsider its previous position." *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001).  "{I}f the agency's concern is substantial and legitimate, a remand is usually appropriate." *Id*. at 1029.  An agency's concerns are substantial and legitimate when "(1) {it} supports its request with a compelling justification, (2) the need for finality does not outweigh the justification, and (3) the scope of the request is appropriate." *Baroque Timber Indus. (Zhongshan) Co., Ltd. v. United States*, 925 F. Supp. 2d 1332, 1338-39 (Ct. Int'l Trade 2013) (citation omitted).  *See also Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) (finding that the district court abused its discretion in denying voluntary remand that would have "cure[d] the very legal defects asserted by plaintiffs challenging federal action."); *SKF*, 254 F.3d at 1029-30 (stating that "a remand to the agency is required, absent the most unusual circumstances verging on bad faith," particularly with respect to a change in policy relating to the interpretation of an ambiguous statute).

II. **Remand Is Warranted**

Our request for a voluntary remand for reconsideration is substantial and legitimate. First, the undersigned counsel recently learned that certain documents collected during the investigation were not provided to the parties during the investigation or included as part of the

3

record that R&R received for consideration during the administrative review. The parties should have the opportunity to make presentations to TRLED based on that information to inform its decision. Additionally, R&R's consideration of the entirety of the record evidence is essential to ensure the accuracy and completeness of its final administrative determination. *See* 19 U.S.C. § 1517(f) (providing for "*de novo* review of the determination" by R&R). Therefore, we respectfully request voluntary remand to remedy this omission.

Additionally, in its memorandum, Norca argues that CBP deprived it of its due process right to notice and an opportunity to be heard, due to its lack of access to confidential information during the investigation. *See, e.g.,* Mem. (ECF No. 21 at 19–27). Recently, this Court remanded CBP's evasion determination in *Royal Brush v. United States*, in part because the Court found that CBP failed to afford Royal Brush the opportunity to be heard at a meaningful time and in a meaningful manner when it failed to ensure that confidential filings were accompanied by the requisite public summaries, as required by 19 C.F.R. § 165.4(a)(2). 483 F. Supp. 3d 1294, 1307–08 (Ct. Int'l Trade 2020). In reviewing the record in this case, CBP has determined that confidential filings were not accompanied by the requisite public summaries. While on remand, TRLED will review the record, and its compliance with 19 C.F.R. § 165.4, and take any action it believes necessary to address any lack of adherence to its regulations and resolve as appropriate.

Should the Court grant our request for a remand, within 100 days of the order granting our motion for voluntary remand: (1) CBP will provide the "third party" referenced in Norca's memorandum (ECF No. 21 at 19) an additional opportunity to bracket the business confidential information in its submissions to CBP; (2a) if the third party responds, the full submission will be placed on the confidential record and the submission with bracketed information removed will

4

be placed on the public record accompanied by a public summary of any confidential information; (2b) if the third party does not respond, the full submission will be placed on the confidential record, and the TRLED will draft a public summary of the information to be placed on the public record; (3) the TRLED and the parties who submitted information to CBP during the investigation, as appropriate, will provide public summaries of confidential information that was withheld from the public record; (4) the parties will have an opportunity to submit rebuttal evidence and arguments to the TRLED based on the "third party" information described above in (1)-(2b) as well as the public summaries described in (3); (5) the TRLED will render a decision analyzing whether the new record information (public and confidential) that results from the foregoing steps impacts its determination of evasion; (6) the parties will have an opportunity to make arguments to R&R based on the new record information; and (7) R&R will render a decision analyzing whether the new record information (public and confidential), including TRLED's new decision, and any rebuttal evidence and arguments submitted by the parties, impacts its final administrative determination.

      Given the nature of our request for a remand, we also respectfully request that the current briefing schedule in this case be suspended. Norca will not be unduly prejudiced by the voluntary remand. Accordingly, our request for a voluntary remand for reconsideration is substantial and legitimate and should be granted.

      For these reasons, we respectfully request that the Court grant our motion.

                                        Respectfully submitted,

                                        BRIAN M. BOYNTON
                                        Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

/s/ L. Misha Preheim
L. MISHA PREHEIM
Assistant Director

/s/ Bret R. Vallacher
BRET R. VALLACHER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 616-0465
Facsimile: (202) 305-2062
Email: bret.r.vallacher@usdoj.gov

Dated: September 28, 2021

*Attorneys for Defendant*