Slip Op. 22-19

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NORCA INDUSTRIAL COMPANY, LLC, <br><br> Plaintiff, <br><br> and <br><br> INTERNATIONAL PIPING & PROCUREMENT GROUP, LP, <br><br> Consolidated Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Jennifer Choe-Groves, Judge <br><br> Consol. Court No. 21-00192 |

### OPINION AND ORDER

[Granting motion for remand and remanding the U.S. Customs and Border Protection's determination of evasion of the antidumping duty order on certain carbon steel butt-weld pipe fittings from the People's Republic of China.]

Dated: March 11, 2022

Peter Koenig and Jeremy W. Dutra, Squire Patton Boggs (US) LLP, of Washington, D.C., for Plaintiff Norca Industrial Company, LLC, and Consolidated Plaintiff International Piping & Procurement Group, LP.  With them on the brief was Christopher D. Clark.

Bret R. Vallacher, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States.  With him on the brief were Brian M. Boynton, Acting Assistant Attorney General,

Jeanne E. Davidson, Director, and L. Misha Preheim, Assistant Director.

Choe-Groves, Judge:  This case concerns challenges to determinations by U.S. Customs and Border Protection ("Customs" or "CBP") pursuant to the Enforce and Protect Act of 2015 ("EAPA") regarding allegations that Plaintiff Norca Industrial Company, LLC ("Norca") and Consolidated Plaintiff International Piping & Procurement Group, LP ("IPPG") (collectively, "Plaintiffs") evaded the antidumping duty order covering certain carbon steel butt-weld ("CSBW") pipe fittings from the People's Republic of China ("AD Order").  See Antidumping Duty Order and Amendment to the Final Determination of Sales at Less Than Fair Value; Certain Carbon Steel Butt-Weld Pipe Fittings From the People's Republic of China, 57 Fed. Reg. 29,702 (Dep't of Commerce July 6, 1992).  Before the Court are Plaintiff Norca Industrial Company, LLC's Rule 56.2 Motion for Judgment on the Agency Record, ECF No. 20; Plaintiff International Piping & Procurement Group, LP's Rule 56.2 Motion for Judgment on the Agency Record ("IPPG's 56.2 Mot."), ECF No. 22; and Defendant's Motion for Voluntary Remand and to Suspend the Current Briefing Schedule ("Defendant's Motion" or "Def.'s Mot."), ECF No. 23.  Defendant's Motion indicates that neither Norca nor IPPG oppose remand, "but believe that, for the reasons stated in their motion for judgment, the remand should extend to other issues raised in their motion."  Id.  For the following reasons, the Court grants Defendant's Motion.

## BACKGROUND

EAPA investigations are governed by 19 U.S.C. § 1517, which directs Customs to initiate an investigation within fifteen business days of receipt of an allegation that "reasonably suggests that covered merchandise has been entered into the Customs territory of the United States through evasion." 19 U.S.C. § 1517(b)(1). "Covered merchandise" is "merchandise that is subject to" antidumping or countervailing duty orders issued pursuant to 19 U.S.C. § 1673e or 19 U.S.C. § 1671e, respectively. Id. § 1517(a)(3). "Evasion," in turn, is defined as:

> entering covered merchandise into the Customs territory of the United States by means of any document or electronically transmitted data or information, written or oral statement, or act that is material and false, or any omission that is material, and that results in any cash deposit or other security or any amount of applicable antidumping or countervailing duties being reduced or not being applied with respect to the merchandise.

Id. § 1517(a)(5)(A).

In this case, the Administrative Record Index filed with the Court, ECF No. 18, is not the complete administrative record but includes the administrative Notice of Determination as to Evasion in the form of a letter to the relevant parties from Customs' Trade Remedy Law Enforcement Directorate, dated November 6, 2020, on EAPA Consolidated Case No. 7335 ("Determination"), ECF No. 18–2. According to this Determination, on October 9, 2019, Allied Group ("Allied"), a

U.S. producer of CSBW pipe fittings, alleged to Customs that Norca and IPPG were evading the AD Order by importing CSBW pipe fittings of Chinese origin into the United States that had been "transshipped" through Vietnam. Id. at 2. Customs determined that the allegations were credible and initiated separate but parallel EAPA investigations of Norca's and IPPG's imports pursuant to 19 U.S.C. § 1517(b)(1). See id.

Customs issued CBP Form 28 questionnaires to Norca and IPPG for entry and production documentation and conducted an on-site visit to the facilities of their Vietnamese supplier, BW Fittings Co., Ltd. ("BW Fittings"). Id. at 2–3. From the available information, Customs determined that a "reasonable suspicion existed that at least some of the CSBW pipe fittings imported by Norca and IPPG into the United States . . . were manufactured in China and, therefore, should have been subject to AD duties." Id. at 3. Customs then implemented interim measures against Norca and IPPG and informed them that liquidation of their CSBW pipe fittings entered on or after November 5, 2019 (the date of initiation of the two investigations, later administratively consolidated) would be suspended and that the period for liquidating all unliquidated entries entered before that date would be

extended.[1]  See id.

After issuing several subsequent requests for information ("RFIs") to Norca, IPPG, and Allied, Customs analyzed the record pursuant to the substantial evidence standard of 19 U.S.C. § 1517(c)(1)(A) and concluded that the record supported "a determination that Norca's and IPPG's imports of covered merchandise entered the United States through evasion, resulting in the avoidance of applicable AD deposits or other security." Id. at 3–5, 13–14.  Customs' Regulations and Rulings of the Office of Trade affirmed the Determination after de novo administrative review.  See Admin. Review Decision, ECF No. 18–3.

Norca and IPPG filed separate suits to contest the Determination and administrative review, and the Court consolidated the cases.  Consol. and Scheduling Order, ECF No. 14.  After Norca and IPPG filed motions for judgment on the agency record pursuant to USCIT Rule 56.2 (ECF Nos. 20 and 22), Defendant United States ("Defendant") moved for remand.  See Def.'s Mot.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction pursuant to 28 U.S.C. § 1581(c)[2] and 19 U.S.C.

---

[1] On this point, the Determination is unclear as to whether the interim measures imposed on Norca and IPPG extended only to entries of CSBW pipe fittings sourced from BW Fittings.

[2] Congress amended 28 U.S.C. § 1581(c) to encompass EAPA cases via § 421(b) of Title IV of the Trade Facilitation and Trade Enforcement Act of 2015, Pub. L.

§ 1517(g)(1).  When an "agency recognizes deficiencies in its decisions, explanations, or procedures . . . it may ask the court to remand the case back to the agency so that it may correct the deficiency."  3 Charles H. Koch, Jr., Administrative Law and Practice § 8:31(d) (3d ed. 2010); see also SKF USA Inc. v. United States, 254 F.3d 1022, 1028 (Fed. Cir. 2001).  "[I]f the agency's concern is substantial and legitimate, a remand is usually appropriate."  SKF, 254 F.3d at 1029.  An agency's concerns are substantial and legitimate when "(1) [it] supports its request with a compelling justification, (2) the need for finality does not outweigh the justification, and (3) the scope of the request is appropriate."  Baroque Timber Indus. (Zhongshan) Co. v. United States, 37 CIT 1123, 1127, 925 F. Supp. 2d 1332, 1338–39 (2013) (citation omitted); see also SKF, 254 F.3d at 1029–30 (stating that "a remand to the agency is required, absent the most unusual circumstances verging on bad faith," particularly with respect to a change in policy relating to the interpretation of an ambiguous statute).

## DISCUSSION

Defendant contends that its request for remand is substantial and legitimate because it "recently learned" that certain documents collected during the

---

No. 114-125, 130 Stat. 154, 168 (2016).  All statutory citations herein are to the 2018 edition of the United States Code and all citations to regulations are to the 2020 edition of the Code of Federal Regulations.

investigation were not provided to the Parties during the investigation or included as part of the record that Customs received for consideration during the administrative review. Def.'s Mot. at 1–2. Plaintiffs "are not opposed to a voluntary remand, but believe that, for the reasons stated in their motion for judgment, the remand should extend to other issues raised in their motion." Id. at 1.

Norca's memorandum accompanying its USCIT Rule 56.2 motion complains in part of a "third party" that submitted numerous photographs and videos from a November 2019 site visit of BW Fittings' Vietnam facility, and that Norca did not learn about Customs' communications with the third party or that the third party submitted evidence to Customs until after Customs issued its final determination. Mem. P. & A. Supp. Pl.'s R. 56.2 Mot. J. Agency R. ("Norca's Memorandum" or "Norca's Mem.") at 19–20, ECF No. 21. This legal error was compounded, according to Norca, by Customs' decision to exclude from the administrative record Customs' own communications with the third party and the documents and information the third party submitted to Customs pursuant to an investigation request, which Norca argues is a violation of 19 C.F.R. § 165.21 because the administrative record must include, among other things, materials obtained and considered by Customs during the investigation. Id. IPPG raises similar allegations in its 56.2 motion. See IPPG's 56.2 Mot. at 2 (incorporating

and adopting Norca's Memorandum)

Defendant concedes that the administrative record is incomplete, stating that remand would allow an opportunity for the "third party" to bracket the business confidential information in its submissions to Customs, and that if it fails to do so, remand would allow Customs to provide a public summary of those materials as well as permit the filing of public summaries of the business confidential information withheld from the public record, steps that will enable the public record to be as complete as possible for the purposes of Customs' decision. Def.'s Mot. at 1–2. Defendant's Motion confirms that the Parties will have an opportunity to submit rebuttal evidence and arguments to Customs based on the "third party" information as well as the public summaries; Customs will render a decision analyzing whether the new record information (public and confidential) impacts its determination of evasion; the Parties will have an opportunity to make arguments to Customs based on the new record information; and Customs will render a decision analyzing whether the new record information (public and confidential), including Customs' new decision, and any rebuttal evidence and arguments submitted by the parties, impacts its final administrative determination. Id. at 3–5.

More broadly, Norca argues that the Determination is contrary to law because: the AD Order does not cover finished CSBW pipe fittings from Vietnam

or manufactured in Vietnam using rough/stamping parts from China; the record shows BW Fittings imported seamless pipe to produce finished CSBW fittings; Customs engaged in unlawful speculation unsupported by substantial evidence and unreasonably drew adverse inferences against Norca based on perceived inconsistencies in documents and information BW Fittings provided during the investigation; and Customs unlawfully excluded exculpatory information from the administrative record, deprived Norca of due process by failing to provide it with access to records during the investigation, and based the final determination on new allegations of perceived document discrepancies that Customs never provided an opportunity to explain.  See generally Norca's Mem.  Similarly, IPPG argues that: there was no basis to initiate the EAPA investigation in the first place because the finished CSBW pipe fittings imported from Vietnam are not covered as a matter of law by the AD Order; the findings on which the Determination is based are unsupported speculation contradicted by record evidence; and Customs deprived IPPG of due process throughout the investigation by withholding documents and drawing adverse inferences against IPPG based on perceived discrepancies in documents without providing IPPG notice and an opportunity to address the alleged discrepancies.  See generally IPPG's 56.2 Mot.

      The Court agrees that it is essential for the Parties to have the opportunity to make presentations to Customs based on complete information, and that Customs'

consideration of the entirety of the record is also essential to ensure the accuracy and completeness of its final administrative determinations. See 19 U.S.C. § 1517(f) (providing for "de novo review of the determination" by the administrative authority); see, e.g., Royal Brush Mfg., Inc. v. United States, 44 CIT __, __, 483 F. Supp. 3d 1294, 1307–08 (2020) (remanding to Customs to remedy a lack of public summaries and to provide respondent an opportunity to participate on the basis of the information it should have received during the underlying proceeding). The only question here is how remand should be framed. Because remand will result not only in correcting the record but a reconsideration by Customs of the allegations of evasion "anew" based on the complete record, the Court declines to opine at this point on the "other issues raised" in Plaintiffs' briefs on their USCIT Rule 56.2 motions for judgment on the agency record and remands all issues to Customs for full consideration of the complete record.

## CONCLUSION

Upon consideration of Defendant's Motion, and all other papers and proceedings in this action, it is hereby

**ORDERED** that Defendant's Motion is granted; and it is further

**ORDERED** that the Order of November 4, 2021, ECF No. 25, suspending the schedule for briefing is vacated and the remaining deadlines in the Consolidation and Scheduling Order, ECF No. 14, are vacated; and it is further

**ORDERED** that the March 22, 2021 final administrative determination by U.S. Customs and Border Protection is remanded for further consideration based on the complete record; and it is further

**ORDERED** that this action shall proceed according to the following schedule:

1. Customs shall file the remand determination on or before July 18, 2022;

2. Customs shall file the remand administrative record index on or before August 1, 2022;

3. Comments in opposition to the remand determination shall be filed on or before September 16, 2022;

4. Comments in support of the remand determination shall be filed on or before October 17, 2022;

5. The joint appendix shall be filed on or before October 31, 2022.

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated:   March 11, 2022
         New York, New York