## UNITED STATES COURT OF INTERNATIONAL TRADE

**BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE**

| | |
|---|---|
| **NORCA INDUSTRIAL COMPANY, LLC,** | |
| **Plaintiff,** | |
| **INTERNATIONAL PIPING & PROCUREMENT GROUP, LP,** | **Consol. Court No. 21-00192** |
| **Consolidated Plaintiff,** | |
| **v.** | |
| **UNITED STATES,** | |
| **Defendant.** | |

### [PROPOSED] ORDER

Upon consideration of Defendant's motion to stay and other papers and proceedings herein, it is:

ORDERED that Defendant's Motion is DENIED; and it is further

ORDERED that the U.S. Customs and Border Protection's November 6, 2020 Final Determination of evasion, as affirmed by the March 22, 2021 Administrative Review, is reversed as unsupported by substantial evidence and otherwise not in accordance with law; and it is further

ORDERED that CBP is enjoined from taking adverse action against Norca or IPPG based on the November 6, 2020 Final Determination; and it is further

ORDERED that JUDGMENT be entered in favor of Plaintiff and Consolidated Plaintiff.

SO ORDERED.

Dated: _____, 2022

                                                                                The Hon. Jennifer Choe-Groves, Judge

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| **NORCA INDUSTRIAL COMPANY, LLC,**<br><br>Plaintiff,<br><br>**INTERNATIONAL PIPING & PROCUREMENT GROUP, LP,**<br><br>Consolidated Plaintiff,<br><br>v.<br><br>**UNITED STATES,**<br><br>Defendant. | Consol. Court No. 21-00192 |

**OPPOSITION TO DEFENDANT'S MOTION TO STAY PROCEEDINGS**

The Government asks this Court to stay proceedings. The reason proffered for the requested stay is remarkable. After nearly three years, and after having determined, repeatedly, that Plaintiffs entered into the United States by evasion merchandise covered by an antidumping duty order, U.S. Customs & Border Protection ("CBP") now concedes that its determination was baseless. For the reasons outlined in this response and in the Motion for Judgment on the Agency Record, Plaintiff Norca Industrial Company, LLC ("Norca") and Consolidated Plaintiff International Piping & Procurement Group, LP ("IPPG") oppose Defendant's motion to stay proceedings and request that the Court enter judgment in Plaintiffs' favor.

CBP initiated an Enforce and Protect Act ("EAPA") investigation against Norca and IPPG in November 2019[1] based on a frivolous allegation from Allied Group ("Allied")[2] that Norca and

---

[1] P.R. 22; P.R. 23.
[2] P.R. 37 at PR023505-07.

IPPG were involved in a scheme to evade the antidumping duty order on carbon steel butt-weld pipe fittings ("CSBW fittings") from the People's Republic of China ("*Order*").[3] Allied is a competing importer who the U.S. Department of Commerce previously found to have circumvented the *Order*.[4] Allied has long since ceased participating in this matter, including before this Court.

In initiating the EAPA investigation, CBP contends that it found a reasonable suggestion that Norca and IPPG entered "covered merchandise"—*i.e.*, merchandise that is subject to an antidumping duty order—into the United States through evasion.[5] 19 U.S.C. § 1517(b)(1). Notwithstanding respondent's (and their supplier's) arguments about how the CSBW fittings imported from Vietnam are not within the scope of the *Order*,[6] CBP made a final determination that Norca and IPPG entered covered merchandise through evasion, and affirmed that determination, in full, following administrative review.[7] Norca and IPPG each initiated this Court action to challenge CBP's evasion determination.

Following the investigation, Norca learned that CBP communicated with a Norca customer during the investigation and obtained information from that customer that contradicted a core finding of CBP's evasion determination; namely, that BW Fittings did not purchase seamless pipe to manufacture the CSBW fittings.[8] Upon CBP's filing of the agency record, it became apparent that CBP excluded this exculpatory evidence from the record.[9] Recognizing the gravity of the

---

[3] *Antidumping Duty Order and Amendment to the Final Determination of Sales at Less Than Fair Value; Certain Carbon Steel Butt-Weld Pipe Fittings From the People's Republic of China*, 57 Fed. Reg. 29,702 (Dept. of Commerce Jul. 6, 1992) (*"Order"*).
[4] P.R. 82 at PR001506.
[5] P.R. 22; P.R. 23.
[6] P.R. 82 at PR001503; P.R. 381 at PR023614-16; P.R. 365; P.R. 370 at PR023507-14.
[7] P.R. 379.
[8] P.R. 375.
[9] Mem. of P. & A. in Supp. of Norca's Mot. for J. on the Agency R., Dkt. 21 at 19-24.

2

situation, the Government requested a limited voluntary remand to cure the incomplete record and permit CBP to render a decision analyzing whether the new record information impacts its evasion determination.[10]

In seeking voluntary remand, the Government did not suggest that CBP contemplated a covered merchandise referral to Commerce, nor did the Government relay any reservations by CBP about its determination that finished CSBW fittings produced in Vietnam using Chinese-origin rough/stamping parts are covered by the *Order*. This, despite the fact that Plaintiffs raised this precise issue repeatedly, including in the Motion for Judgment on the Agency Record filed *before* the Government sought remand.[11]

Now, at the 11th hour—less than a month from the requested remand deadline—CBP asks this Court to stay proceedings so that it can make a covered merchandise referral to Commerce.[12] CBP contends that during the pending remand proceedings, it "determined that a covered merchandise referral to Commerce is necessary because CBP is unable to determine whether the subject merchandise falls within the relevant antidumping order."[13] This is extraordinary.

First, the Government fails to identify what occurred during the remand proceedings that led CBP to decide suddenly—nearly three years after initiating the investigation and nearly two years after making a final determination of evasion—that it cannot determine whether the imported merchandise is within the scope of the *Order*. Nor could it make such a showing. Indeed, Commerce already decided the precise issue as to why the subject product here is not within the scope of the *Order*.[14] Norca raised this issue, repeatedly, since the start of the investigation. There

---

[10] Def.'s Mot. for Voluntary Remand, Dkt. 23 at 1-2.
[11] Mem. of P. & A. in Supp. of Norca's Mot. for J. on the Agency R., Dkt. 21 at 7-13.
[12] Def.'s Mot to Stay Proceedings, Dkt. 27 at 1.
[13] *Id.*
[14] Mem. of P. & A. in Supp. of Norca's Mot. for J. on the Agency R., Dkt. 21 at 7-13; *see also* Memorandum, *Issues and Decision Memorandum for the Anti-Circumvention Inquiry of the*

3

was never a reply.

CBP limited the remand proceedings to narrow record issues—all of which went to the factual question of whether BW Fittings purchased seamless pipe to produce CSBW fittings.[15]  As to the legal issue—*i.e.*, the scope of the *Order*—there is nothing that arose in the remand that is different from what Norca and its supplier, BW Fittings, raised since the inception of the investigation.  Indeed, the written arguments Norca submitted on May 18, 2022 during the remand proceedings repeat the arguments Norca made in its Motion for Judgment on the Administrative Record filed with this Court before the Government requested remand, which repeat arguments raised in the Request for Administrative Review, the March 10, 2020 request to withdraw the request for information, and that BW Fittings made in its responses to CBP's request for information.[16]

Second, a "covered merchandise" referral is not permissible at this stage.  In the Enforce and Protect Act, Congress outlined the deadlines by which CBP must adjudicate allegations of evasion.  19 U.S.C. § 1517(c)(1).  As part of the original investigation, and that investigation only, Congress permits CBP to refer to Commerce the question of whether merchandise is covered by an antidumping or countervailing duty order.  19 U.S.C. § 1517(b)(4)(A).  Such a referral tolls the time limit by which CBP must render a final determination in the investigation.  19 U.S.C. §

---

*Antidumping Duty Order on Certain Carbon Steel Butt-Weld Pipe Fittings from the People's Republic of China* (Dept. of Commerce June 14, 2019) at 16-17.  *Accord. Carbon Steel Butt-Weld Pipe Fittings From Brazil, China, Japan, Taiwan, and Thailand*, Inv. Nos. 731-TA-308-310, 520, and 521 (Second Review), USITC Pub. 3809 (October 2005) at I-14; *Certain Carbon Steel Butt Weld Pipe Fittings from China and Thailand*, Inv. Nos. 731 TA 520 and 521 (Final), USITC Pub. 2528 (June 1992) at 4 n.6.

[15] *See* Def.'s Mot to Stay Proceedings, Dkt. 27 at 1, 4-5.  CBP acknowledges that CSBW fittings produced in Vietnam using Chinese-origin seamless pipe is not "covered merchandise."  P.R. 368 at PR023456.

[16] *See* P.R. 82 at PR001503; P.R. 381 at PR023614-16; P.R. 365; P.R. 370 at PR023507-14; Mem. of P. & A. in Supp. of Norca's Mot. for J. on the Agency R., Dkt. 21 at 6-13.

1517(b)(4)(C).  CBP, however, did not make a referral to Commerce during this investigation.  It instead proceeded to find Norca and IPPG each entered covered merchandise into the United States through evasion, and affirmed that determination on administrative review despite Plaintiffs' arguments to the contrary.  There is no statutory authority for CBP to seek a referral now, over a year after it completed its investigation.  The Government cites none.

If CBP believed that resolution required a determination from Commerce, it had the obligation to make such a referral *during the investigation*.  CBP chose not to do so, and it must live with the consequences of its decision.

Congress directed this Court to examine whether a CBP evasion determination is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  19 U.S.C. § 1517(g)(2).  Norca already detailed in its motion for judgment why this Court should vacate the evasion determination.[17]  The Government's motion only underscores those arguments.

Even though CBP found Norca and IPPG entered through evasion merchandise covered by the *Order*, CBP now concedes that it cannot say that the imported merchandise is covered by the *Order* (the predicate for any evasion determination).[18]  In short, CBP effectively concedes that the evasion determination challenged by Norca and IPPG is—and was, when rendered—contrary to law.  CBP's evasion determination must be vacated.  19 U.S.C. § 1517(g)(2).

CBP never should have initiated this investigation.  But even CBP now concedes it cannot support its evasion determination.  The cost to Norca and IPPG resulting from that unlawful determination is substantial and ongoing.  The Government should not be permitted to compound this unfairness and continuing hardship by extending this matter any longer.  We ask that the Court

---

[17] *See generally* Mem. of P. & A. in Supp. of Norca's Mot. for J. on the Agency R., Dkt. 21, *adopted by* IPPG at Mot. for J. on the Agency R., Dkt. 22..
[18] Def.'s Mot to Stay Proceedings, Dkt. 27 at 1.

put an end to this proceeding, deny the request to stay, prohibit CBP from making an *ultra vires* "covered merchandise referral to Commerce, and instruct CBP to vacate its evasion determination. In short, Norca and IPPG are entitled to judgment in their favor.

Date: July 6, 2022

Respectfully submitted,

*/s/ Jeremy W. Dutra*
Peter Koenig
peter.koenig@squirepb.com
Jeremy W. Dutra
jeremy.dutra@squirepb.com

SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
(202) 457-6000

*Counsel to Plaintiff Norca Industrial Company, LLC and Consolidated Plaintiff International Piping & Procurement Group, LP*