UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| NORCA INDUSTRIAL COMPANY, LLC, <br><br> Plaintiff, <br><br> and <br><br> INTERNATIONAL PIPING & PROCUREMENT GROUP, LP, <br><br> Consolidated Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant. | Before: Jennifer Choe-Groves, Judge <br><br> Consol. Court No. 21-00192 |

## ORDER

Before the Court is Defendant's Motion to Stay Proceedings ("Defendant's Motion"), ECF No. 27, in which Defendant asks the Court to stay this matter in light of the determination by U.S. Customs and Border Protection ("Customs") to seek a covered merchandise referral from the U.S. Department of Commerce ("Commerce") under 19 U.S.C. § 1517(b)(4)(A) because Customs is unable to determine whether the subject merchandise falls within the relevant antidumping duty order.  Def.'s Mot. at 1; see also Def.'s Mot. Leave File Reply Supp. Its Mot. Stay Proceedings, ECF No. 29; Def.'s [Proposed] Reply Supp. Mot. Stay, ECF

No. 29-1. Plaintiff and Consolidated Plaintiff (collectively, "Plaintiffs") oppose Defendant's Motion, arguing that (1) Defendant did not identify what led to Customs' determination at this late stage that Customs is unable to determine whether the subject merchandise falls within the relevant antidumping duty order, and (2) a covered merchandise referral is permissible only during the original investigation and not at this stage. Opp'n Def.'s Mot. Stay Proceedings ("Pls.' Opp'n") at 3–4, ECF No. 28. For the reasons discussed below, the Court grants Defendant's Motion.

The Enforce and Protect Act ("EAPA"), 19 U.S.C. § 1517 (2018), provides in relevant part:

> (A) If [Customs] receives an allegation [that a person has entered covered merchandise into the customs territory of the United States through evasion] and is unable to determine whether the merchandise at issue is covered merchandise, [Customs] shall—
>
> > (i) refer the matter to [Commerce] to determine whether the merchandise is covered merchandise . . . .

19 U.S.C. § 1517(b)(4)(A).

Contrary to Plaintiffs' argument that the covered merchandise referral is only permissible during the original investigation, "the statute contains no explicit deadline by when [Customs] must refer a matter to Commerce for a scope determination." Vietnam Finewood Co. v. United States, 44 CIT __, __, 466 F. Supp. 3d 1273, 1283 (2020). Customs' regulation provides that "[a] referral is

required if *at any point* after receipt of an allegation, [Customs] cannot determine whether the merchandise described in an allegation is properly within the scope of an antidumping or countervailing duty order." 19 C.F.R. § 165.16 (emphasis added).

In addition, a determination by Commerce that the subject merchandise is not within the scope of the relevant antidumping duty order would resolve this matter without further litigation, which would be in Plaintiffs' interest.

Upon consideration of Defendant's Motion, ECF No. 27, and all other papers and proceedings in this action, it is hereby

**ORDERED** that Defendant's Motion for Leave to File Reply in Support of Its Motion to Stay Proceedings, ECF No. 29, is granted, and Defendant's Reply in Support of Its Motion to Stay is deemed filed as of July 20, 2022; and it is further

**ORDERED** that Defendant's Motion, ECF No. 27, is granted; and it is further

**ORDERED** that the remaining deadlines are stayed pending further order of this Court; and it is further

**ORDERED** that Defendant shall file a status report every thirty (30) days after the issuance of this Order and within seven (7) days of Commerce's final determination on the covered merchandise referral.

                                                  /s/ Jennifer Choe-Groves
                                                  Jennifer Choe-Groves, Judge

Dated:   August 15, 2022
           New York, New York