UNITED STATES COURT OF INTERNATIONAL TRADE

Before: The Honorable Jennifer Choe-Groves, Judge

| | |
|---|---|
| NORCA INDUSTRUAL COMPANY, LLC,<br><br>Plaintiff,<br><br>and<br><br>INTERNATIONAL PIPING & PROCUREMENT GROUP, LP,<br><br>Consolidated Plaintiff<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Consol. Court No. 21-00192 |

NORCA RESPONSE TO GOVERNMENT STATUS REPORT AND
MOTION TO RECONSIDER STAY ORDER

Norca Industrial Company, LLC ("Norca") submits these comments in response to the Status Report that the Government filed in this proceeding, and in view of these comments, respectfully requests that the Court reconsider its stay order.

I.      **Background of Covered Merchandise Inquiry**

As the Government notes, U.S. Department of Commerce ("Commerce") initiated a covered merchandise inquiry on September 26, 2022 based on a referral from U.S. Customs & Border Protection ("CBP"). Def.'s Status Report, Dkt. 38 at 1. The ostensible purpose of that referral was to determine whether merchandise described in CBP's referral is subject to the antidumping duty order on certain carbon steel butt-weld pipe fittings from the People's Republic of China. *Id.* As Norca will explain, Commerce has veered from that purpose.

As an initial matter, Norca provides additional background about the conduct of the Commerce proceeding absent from the Government's latest report. Interested parties submitted comments in October 2022 and filed rebuttal comments with Commerce by November 9, 2022. Commerce, however, did nothing for nearly three months. At the 120-day deadline to issue its determination in the inquiry— *i.e.*, January 24, 2023—Commerce extended the proceeding for an additional 150 days. *Certain Carbon Steel Butt-Weld Pipe Fittings from the People's Republic of China: Extension of Deadline for Covered Merchandise Inquiry (CMI)—CBP EAPA Inv. 7335* (Jan. 24, 2023), Access Barcode 4333837-01 ("CMI Extension") at 1.

Note that the Government's July 1, 2022 Motion to this Court to Stay this matter (Dkt. 27) indicated at page 4 that Commerce would decide in 20 days whether to initiate a CMI inquiry and then in 120 days decide it. We are now already far beyond those deadlines. This Court granted the stay on August 15, 2022 (Dkt. 30), 182 days ago. Commerce does not plan to issue its decision until June 23, 2023. That means 282 days since the Court granted the stay before Commerce decides, assuming Commerce does not further extend its deadline as it tends to significantly do in these matters. Norca and IPPG filed their Rule 56.2 Briefs with the Court on August 20, 2021, Dkt. 20-21. The Government filed its motion to stay and so has not yet responded to these briefs filed 18 months ago.

In extending the covered merchandise inquiry, Commerce asserted that such an extension is warranted when good cause exists, and that the issuance of questionnaires to interested parties, receipt of responses to such questionnaires, and a determination that additional time is needed to consider the responses is an example of "good cause." *Id.* But Commerce did not issue questionnaires to interested parties until the day after the original deadline, and then used that questionnaire to claim the need for an extension. *Certain Carbon Steel Butt-Weld Pipe Fittings*

2

*from the People's Republic of Chinar Covered Merchandise Inquiry—CBP EAPA Inv. 7335: Request for Additional Information* (Jan. 25, 2023), Access Barcode 4333996-01 at 1.  Nothing prevents Commerce from further extending its inquiry, as it has been prone to do.

II.     **Commerce is pursuing a question that is neither material nor relevant to the underlying EAPA Investigation.**

The focus of the Commerce questionnaire— *i.e.*, fittings that undergo the first and second production steps in China with the third step performed in Vietnam—is not a type of product that BW Fittings exported to either Norca or IPPG, and thus is neither material nor relevant to the EAPA investigation.  As BW Fittings explained—and there is no record evidence in the EAPA investigation to the contrary—the finished fittings that Norca imported from Vietnam were produced by BW Fittings in Vietnam using either seamless pipe or rough parts from China that "underwent at least" the second and third production steps in Vietnam.  P.R. 381 (BW Fittings Narrative Resp. to EAPA Req. for Information in the EAPA Investigation) at PR023614-15.  Commerce, in effect, is expanding the covered merchandise referral to consider a hypothetical product.

III.    **Commerce inappropriately is extending the Covered Merchandise Inquiry into a circumvention inquiry.**

It is apparent that Commerce is now going beyond the question of whether merchandise Norca last entered on April 22, 2020 was covered by the AD Order.  Review of the questionnaire Commerce issued reveals that Commerce is expanding the inquiry into a potential circumvention proceeding; namely, whether third-country processing of Chinese-origin rough fittings in Vietnam should be covered by the AD Order, which does not itself include a third-country processing provision.  *Id.*, Attachment (CMI Questionnaire) at 1-2   Compare the questions to the

issues in a circumvention inquiry at *Certain Aluminum Foil from China: Initiation of Circumvention Inquiries*, 87 Fed. Reg. 42702, 42703 (Dep't Commerce July 18, 2022).[1]

A circumvention determination, however, is prospective as to whether expand the scope of an AD order going forward and could not result in a retroactive evasion determination. But this whole EAPA inquiry is only as to Norca entries until April 22, 2020; it is retroactive per statutory command. 19 U.S.C. § 1517(5)(A).

Even CBP, in its referral, admits not knowing if the imported product, at the time of importation, was subject to antidumping liability. Def.'s Mot. to Stay Proceedings, Dkt. 27 at 1. Thus, under pertinent law as to the particular period of importation here, any decision now, a number of years later, as to such past imports, would violate due process and fundamental fairness. Such a situation would impose antidumping liability without proper notice to the importer at the time of the importation. For that reason alone, antidumping liability may not attach to such imports. *See, e.g.*, *Trans-Tex Tire LLC v. United States*, 519 F. Supp. 3d 1290 (CIT 2021) (citing a long litany of decisions, both CIT and the Federal Circuit).

No party claimed circumvention in the EAPA investigation or before this Court. Petitioners Tube Forgings of America, Inc., Mills Iron Works, Inc., and Hackney-Ladish, Inc. are not interested parties in the EAPA investigation. Now for the first time they claim circumvention before Commerce in this Court remand proceeding. *See* Petitioners' Comments on CMI (Oct. 26, 2022), Access Barcode 4304618. Petitioners rest their case on circumvention decisions, not decisions that the product imported from Vietnam is within the scope of the existing AD Order. The claim should have been rejected for failure to exhaust administrative

---

[1] Note that the EAPA Alleger Allied, who instigated this whole EAPA matter ceased to participate in it long ago, and never alleged circumvention, even in its complaint that started this EAPA investigation.

remedies and the Commerce circumvention investigation based thereon should end, beyond the fact that Petitioners too never met the statutory and regulatory requirements for a request for a circumvention investigation.  Compare their above filing to what needs to be done under the regulations and statute to request initiation of a circumvention inquiry, as summarized in *Certain Aluminum Foil from the People's Republic of China: Initiation of Circumvention Inquiries of the Antidumping Duty & Countervailing Duty Orders*, 87 Fed. Reg. 42702, 42703 (Dep't of Commerce Jul. 18, 2022).

CBP, through its EAPA investigation, only pursued a claim that accused imports were within the scope of the existing AD Order, and not a circumvention claim.  CBP cannot now defend its finding by claiming circumvention, as CBP too failed to exhaust its administrative remedies in that regard.  *Cf. United States v. Toth*, Slip Op. 16-61, Court No. 15-206 at 4-5. Further, Commerce has self-initiated a circumvention inquiry without first satisfying the statutory and regulatory requirements to do so, requirements as summarized by Commerce in its decision *Certain Aluminum Foil from the People's Republic of China: Initiation of Circumvention Inquiries of the Antidumping Duty & Countervailing Duty Orders*, 87 Fed. Reg. 42702, 42703 (Dep't of Commerce Jul. 18, 2022).

In the past, when Commerce received an EAPA scope referral, Commerce simply determined if the product was within the scope of the existing AD Order.  *See, e.g.*, *Antidumping and Countervailing Duty Orders on Common Alloy Aluminum Sheet from the People's Republic of China, Enforcement & Protect Act Investigation No. 7469: Notification of the Final Scope Determination & Resp. to Covered Merchandise Referral* (Jan. 21, 2022), Access Barcode 4204719-01, wherein Commerce found certain product not in scope but then did not self-initiate a

5

circumvention inquiry thereon despite factual similarities to the situation here as to the production stages.

Commerce recently outlined what it considers when it receives a scope referral from CBP, citing the pertinent regulations and statute. *See Certain Magnesia Carbon Bricks from the People's Republic of China: Decision Memo. for the Prelim. Results of Covered Merchandise Inquiry*, A-570-954 & C-570-955 (Feb. 10, 2023), Access Barcode 4341347-02 3-4. Commerce looks at whether the product falls within the current scope language of the AD Order and lists the CMI factors considered. None of the questions that Commerce asks in the CMI Questionnaire involve Commerce's CMI list in that decision.

Here, contrary to such precedent, Commerce on its own initiative (it was not requested by this Court or CBP) and without explanation, has now self-initiated its own circumvention investigation.

We are left to speculate as to why Commerce unilaterality did this without Court or EAPA request since Commerce does not explain. We speculate that Commerce is thinking of its new *Regulations to Improve Administrative and Enforcement of Antidumping and Countervailing Duty Laws,* 86 Fed. Reg. 52300 (Sept. 20, 2021), cited in its self-initiation here at *Certain Carbon Steel Butt-Weld Pipe Fittings from the People's Republic of China: notice of Covered Merchandise Referral and Initiation of Covered Merchandise Investigation,* 87 Fed. Reg. 50310, 50310 n. 1 (Commerce, Sept. 26, 2022). But this regulation was issued September 26, 2022 after the subject 2018-20 importations in issue here in this EAPA matter. But an EAPA violation is based on a false statement by an importer to CBP at the time of importation. An importer here could not know at that point about a substantive regulation that was only issued

much later. Again, there was no false statement to CBP at the time of the 2018-2020 importations.

Indeed, the fact that Commerce is relying on a post importation change in law confirms that fact. Further emphasizing that fact is that if EAPA had timely requested advice from Commerce in its original investigation, per the EAPA statutory provision thereon, the request would have preceded the above new Commerce regulation and thus Commerce apparently would just have determined if the accused product was within scope of the AD Order, and not initiated a circumvention investigation apparently done based on the new regulation.

Note that when Commerce does issue its decision, that decision itself is subject to separate court appeals, starting the whole litigation process all over again, and with potentially other parties not involved in the instant EAPA and court litigation.

IV. **There can be no evasion determination irrespective of the results of the Covered Merchandise Inquiry.**

Entry of "covered merchandise"—the stated purpose of the referral to Commerce—is but one requirement for an evasion determination. There can be no EAPA evasion absent a false and material statement to CBP at the time of entry. 19 U.S.C. § 1517(5)(A); *Diamond Tools Tech. LLC v. United States*, Slip Op. 22-145, Case No. 20-60 (CIT Dec. 16, 2022) at 7. Merely entering covered merchandise is not "evasion." *Id.* at 14, 16. As such, even if Commerce issues a determination at the conclusion of the covered merchandise inquiry in 2023 (or later if extended) that processing certain Chinese-origin rough fittings is now covered by the AD Order on a circumvention finding expanding the scope of the AD Order, that determination says nothing about whether Norca in 2018, 2019 and 2020 made a material and false statement to CBP when it entered finished fittings from Vietnam under the then existing scope of the AD Order, a necessary condition for an EAPA violation. CBP never identified any such statement—

7

operating instead on the erroneous view that EAPA is a "strict liability" statute—a position this Court rejects.  *Id.*

Underscoring that Norca did not enter covered merchandise by evasion is the fact that CBP, after years of ignoring Norca's arguments that the subject imports were not within the scope of the AD order, changed course shortly before the deadline to submit its response to Norca and IPPG's court briefs and acknowledged that "it is unable to determine whether the subject merchandise falls within the relevant antidumping order."  Def.'s Mot. to Stay Proceedings, Dkt. 27 at 1.  Likewise, Commerce said it had to extend the deadline to make a determination in the covered merchandise inquiry because of the "complex issues associated with this inquiry."  CMI Extension at 1-2.  If neither CBP nor Commerce can readily make a determination, it can hardly be said that Norca made material and false statements as to the merchandise not being subject to the AD order entered back in 2018, 2019 and 2020.

Nor could CBP identify any material and false statement by Norca or IPPG, particularly in view of the Commerce determinations existing at the time of importation.  Commerce previously determined that manufacture of carbon steel butt-weld pipe fittings includes three production stages: (1) transforming seamless carbon steel pipe into a rough shape; (2) reforming or sizing rough fittings to ensure the fitting will match the pipe to which it is to be welded; and then (3) finishing steps such as shot blasting or cleaning, machine beveling of the fitting, boring and tapering of its interior, grinding, die stamping, and painting.  *Issues and Decision Memorandum for the Anti-Circumvention Inquiry of the Antidumping Duty Order on Carbon*

*Steel Butt-Weld Pipe Fittings from the People's Republic of China, A-570-814* (June 14, 2019) ("Malaysia Ruling") at 16-17.[2]

The record is undisputed that Norca imported finished fittings from Vietnam that were produced by BW Fittings in Vietnam using either seamless pipe or rough parts from China. BW Fittings further stated in its response to the request for information from CBP during the EAPA investigation that all finished fittings that it exported to the United States "underwent at least" the second and third production steps in Vietnam. P.R. 381 (BW Fittings Narrative Resp. to EAPA Req. for Information in the EAPA Investigation) at PR023614-15. In the Malaysian anti-circumvention investigation, Commerce determined—consistent with domestic producers' and Petitioner's representations—that performing the second and/or third stages of production in a third country render the product outside the scope of the AD Order. Malaysia Ruling at 16-17. In other words, Norca entered merchandise at the time consistent with the terms of how Commerce interpreted the AD Order. That cannot give rise to a material and false statement— again, a necessary predicate to an EAPA evasion determination. *Diamond Sawblades* at 16-17.

**V.     The protracted administrative proceedings have and continue to harm Norca.**

CBP engaged in a protracted effort, imposing on Norca, and BW Fittings huge cost and burdensome requests. Then CBP punted the issue to Commerce, which in turn has expanded the scope of the referral beyond what this Court or CBP or any party before this Court or in the EAPA administrative proceedings requested. Norca and BW Fittings continue to suffer because of the stay.

---

[2] Commerce said, in its initiation of this CMI Inquiry that it could rescind it if it found it was better answered elsewhere. *Carbon Steel Butt-Weld Pipe Fittings from China, Initiation of CMI Inquiry,* 87 Fed. Reg 58310, 58311 (Dep't of Commerce Sept. 26, 2022). Actually, this cited decision in the text fully answers the query as to whether the product is within the scope of the AD Order and thus the query could be rescinded.

Specifically, Norca is required to collateralize the U.S. customs bond for the imports that are the subject of the EAPA investigation—imports that ended in April 2020. It has been now three years where Norca, a small company, has not had access to nearly $2 million of the company's working capital. The suspension of liquidation on the entries only occurred because of an unlawful EAPA investigation, and a determination that covered merchandise was entered that CBP now concedes that it could not justify. Norca has been treated unfairly and the action (and lack thereof) has impeded its ability to grow because of the financial constraints of devoting $2 million of its line of credit for collateral on unfounded allegations. Norca relies on its line of credit to maintain and grow its business – the carve out of $2 million, which at time over the last 3 years, represented 100% of available collateral, created financial hardships that, among other things, required staff reduction, salary, and incentive suspension.

BW Fittings has also been unable to sell to the United States because of CBP's unlawful actions, nor can Norca buy from it. We understand that IPPG has incurred similar harm.

**VI.     Conclusion**

There is no basis for an evasion determination—and nothing that Commerce does during its covered merchandise inquiry can alter that fact, as discussed above. Norca requests that the Court reconsider its stay order.

Date: February 14, 2023

                                                                                                                     Respectfully submitted,

                                                                                                                     */s/ Jeremy W. Dutra*
                                                                                                                     Peter Koenig
                                                                                                                     peter.koenig@squirepb.com
                                                                                                                     Jeremy W. Dutra
                                                                                                                     jeremy.dutra@squirepb.com
                                                                                                                     Christopher D. Clark
                                                                                                                     christopher.clark@squirepb.com

                                                                                                                                                                                 SQUIRE PATTON BOGGS (US) LLP
                                                                                                                                                                                 2550 M Street, NW
                                                                                                                                                                                 Washington, DC 20037
(202) 457-6000

*Counsel to Plaintiff*
*Norca Industrial Company, LLC*

11

UNITED STATES COURT OF INTERNATIONAL TRADE

Before: The Honorable Jennifer Choe-Groves, Judge

| | |
|---|---|
| NORCA INDUSTRUAL COMPANY, LLC,<br><br>Plaintiff,<br><br>and<br><br>INTERNATIONAL PIPING & PROCUREMENT GROUP, LP,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Consol. Court No. 21-00192 |

**ORDER**

Upon consideration of Plaintiff Norca Industrial Company, LLC's Motion to Reconsider Stay Order and other papers and proceedings herein, Plaintiff's Motion is GRANTED and it is hereby:

**ORDERED** that the Order staying proceedings in this action is vacated;

**ORDERED** that U.S. Customs & Border Protection withdraw its covered merchandise referral to U.S. Department of Commerce; and

**FURTHER ORDERED** that U.S. Customs & Border Protection file its remand redetermination within 14 days of this Order.

**SO ORDERED.**

Dated:_____, 2023        _____
                                        The Hon. Jennifer Choe-Graves, Judge