UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE:  THE HONORABLE JENNIFER CHOE-GROVES, JUDGE

| | |
|---|---|
| NORCA INDUSTRIAL COMPANY, LLC,<br><br>    Plaintiff,<br><br>INTERNATIONAL PIPING & PROCUREMENT GROUP, LP,<br><br>    Consolidated Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>    Defendant. | Consol. Court No. 21-00192 |

**DEFENDANT'S RSPONSE TO PLAINTIFF'S MOTION<br>TO RECONSIDER STAY AND RESPONSE TO THE COURT'S ORDER**

Defendant, the United States, respectfully submits this response to plaintiff's, Norca Industrial Company's, LLC (Norca), motion to reconsider the stay, and this Court's February 17, 2023 order to specifically address Norca's claim that its product is different than what is being considered in the referral questionnaire sent by the Department of Commerce (Commerce).  ECF No. 40.

This case concerns whether plaintiffs Norca and IPPG evaded an antidumping duty order on carbon steel butt-weld pipe fittings (CSBW fittings) from the People's Republic of China (Order No. A-570-814) when they bought finished CSBW fittings from a Vietnamese supplier and imported those fittings into the United States.  Customs and Border Protection (CBP) originally rendered a determination of evasion, which involved questions of fact – including the extent to which the Vietnamese supplier processed those fittings in Vietnam after receiving materials from China; and questions of law, including the scope of Commerce's antidumping

duty order.  On March 11, 2022, the Court remanded the matter to CBP to correct the record and consider "anew" the allegations of evasion in light of the complete record.  ECF. No. 26.  During the remand proceedings, which are ongoing, plaintiff raised questions regarding the scope of the antidumping duty order, which prompted CBP to refer those scope questions to Commerce.  19 U.S.C. § 1517(b)(4)(A) (authorizing CBP to seek a covered merchandise referral from Commerce when it is unable to determine whether the merchandise at issue is covered merchandise).

Commerce initiated its proceeding on September 26, 2022.  *See* 87 Fed. Reg. 58310-01, 2022 WL 4448331 (Sept. 26, 2022).  In the midst of Commerce's investigation, Norca argues that the focus of Commerce's questionnaires are "not a type of product that BW Fittings exported to either Norca or IPPG" and are therefore "not relevant to the EAPA investigation."  Pl. Mot. at 3.  Specifically, Norca contends that Commerce is "expanding the covered merchandise referral to consider a hypothetical product."  *Id.*

But Norca assumes its own conclusion.  The very point of a scope inquiry is to determine whether merchandise falls within or outside the scope language, and this in turn, requires Commerce to ask questions about how a product is produced.  In this case, that means Commerce must determine whether fittings that underwent the third, or second and third, stage of production in Vietnam are within the scope of Commerce's order.  *See* 87 Fed. Reg. 58310-01, 2022 WL 4448331 (Sept. 26, 2022).  Norca points to evidence from the EAPA investigation to support its argument that its product is not, in fact, covered by the order.  *See* Pl. Mot. at 3 (explaining that its fittings use parts from China that "'underwent at least' the second and third production steps in Vietnam.")  Again, this is the very EAPA investigation that is on remand, and which prompted the scope referral to Commerce.  It is for Commerce to determine, in the

first instance, whether Norca's product is covered by the order.  19 U.S.C. § 1517(b)(4)(A); *and see, e.g., Abitibi-Consol. Inc. v. United States,* 437 F.Supp.2d 1352, 1360 (C.I.T. 2006) (where Commerce is granted exclusive authority to make a factual determination, the Court does not "entangle itself" in the issue until Commerce formalizes it determination in the final results).

Once that determination is made, CBP will consider "anew" the allegations of evasion based on the complete record, which will include Commerce's determination along with evidence beyond what was included in the original EAPA investigation.  *See* Remand Order (ECF No. 26) at 10; *see also id.* (remanding "all issues" for "full consideration of the complete record" including third party information not part of the original record).  The results of CBP's determination will then be reviewable by this Court, including any reliance CBP places on the results of the covered merchandise referral to Commerce.  But until that is completed, Norca's arguments are premature.  *See* Pl. Mot. at 3.  Perhaps in recognition of its premature request, Norca does not cite any documents from the ongoing Commerce proceeding, nor would it be proper to do so, in the absence of any administrative record, or a final determination.  *See, e.g., Abitibi-Consol. Inc.,* 437 F.Supp.2d at 1360.

Norca also contends, without any support whatsoever, that Commerce is actually performing a circumvention inquiry, rather than a scope inquiry.  To be sure, Commerce has *not* initiated a circumvention inquiry.  Rather, Commerce continues to investigate pursuant to CBP's covered merchandise referral and has issued questionnaires to that effect.  Norca's characterization of these questionnaires reflects a simple disagreement with how Norca believes Commerce is going about its inquiry.  That inquiry remains pending and is not before this Court.  Nor is there any administrative record for the Court to consider until Commerce completes its role, and until CBP makes its remand determination.  As this Court recognized, "a determination

by Commerce that the subject merchandise is not within the scope of the relevant antidumping duty order would resolve this matter without further litigation, which would be in Plaintiffs' interest."  ECF No. 30. Until Commerce's review is complete, this matter should remain stayed for the same reasons that this Court stayed this matter pending remand.  *Id*.

        Respectfully submitted,

        BRIAN M. BOYNTON
        Principal Deputy Assistant Attorney
        General

        PATRICIA M. McCARTHY
        Director

        /s/ L. Misha Preheim by s/ Claudia Burke
        L. MISHA PREHEIM
        Assistant Director

OF COUNSEL:

SHAE WEATHERSBEE
Attorney
U.S. Customs and Border Protection
Office of the Chief Counsel

        s/ Margaret J. Jantzen
        MARGARET J. JANTZEN
        Trial Attorney
        Commercial Litigation Branch
        Civil Division
        Department of Justice
        P.O. Box 480
        Ben Franklin Station
        Washington, D.C.  20044
        Telephone: (202) 616-0465
        Facsimile: (202) 305-2062
       Email: bret.r.vallacher@usdoj.gov

February 24, 2023

       Attorneys for Defendant