UNITED STATES COURT OF INTERNATIONAL TRADE

Before: The Honorable Jennifer Choe-Groves, Judge

| | |
|---|---|
| NORCA INDUSTRUAL COMPANY, LLC,<br><br>Plaintiff,<br><br>and<br><br>INTERNATIONAL PIPING & PROCUREMENT GROUP, LP,<br><br>Consolidated Plaintiff<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Consol. Court No. 21-00192 |

**NORCA AND IPPG RESPONSE TO GOVERNMENT STATUS REPORT**

Norca Industrial Company, LLC ("Norca") and International Piping & Procurement Group, LP ('IPPG") (collectively, "Plaintiffs") submit these comments in response to the Status Report that the Government filed in this proceeding (Dkt. No. 53). Plaintiffs specifically object to the continued remand proceedings and timeline that the U.S. Customs & Border Protection ("CBP") now proposes to conduct in view of the final scope determination by U.S. Department of Commerce ("Commerce") in response to CBP's covered merchandise referral.

During the EAPA investigation, Plaintiffs' former Vietnamese supplier, BW Fittings, answered extensive requests from CBP, producing substantial volumes of business records concerning its operations. As BW Fittings explained—and there is no record evidence in the EAPA investigation to the contrary—the finished fittings that Plaintiffs imported from Vietnam

were produced by BW Fittings in Vietnam using either seamless pipe or rough parts from China that "underwent at least" the second and third production steps in Vietnam.[1]

On November 6, 2020, CBP issued its final determination of evasion against Norca and IPPG.[2] CBP determined that "rough, unfinished (or semi-finished) CSBW fittings from China that undergo finishing processes (e.g., re-forming, sizing, shot blasting, cleaning, machine beveling, grinding, die stamping or painting processes) in a third country should remain country of origin China upon importation into the United States under Commerce's Order."[3] Based on this position, CBP determined that the "rough fittings from China purchased by BW Fittings are covered by AD order A-570-814, and thus, the CSBW pipe fittings sold by BW Fittings to Norca and IPPG and imported into the United States are subject to AD duties."[4] CBP affirmed the determination on administrative review, and this litigation followed.

On August 20, 2021, Norca and IPPG moved for judgment on the administrative record (Dkt. Nos. 20, 21, 22). Instead of responding to the motion for judgment, the Government requested a voluntary remand (Dkt. No. 23). The Court granted the remand on March 11, 2022, instructing CBP to file its remand determination by July 18, 2022 (Dkt. No. 26). That still has not happened.

Rather, on July 1, 2022, the Government requested a stay of proceedings pending a covered merchandise referral from CBP to Commerce (Dkt. No. 27). Arguing that a stay would promote judicial economy, the Government represented to the Court that "{i}f Commerce

---

[1] P.R. 381 (BW Fittings Narrative Resp. to EAPA Req. for Information in the EAPA Investigation) at PR023614-15. References to "P.R." are to the Public Administrative Record submitted by CBP, the Index to which appears at Docket No. 18.
[2] P.R. 368 (Dkt. No. 18-2) (Notice of Determination as to Evasion).
[3] *Id.* at PR023456.
[4] *Id.* at PR023461.

determines that the rough fittings are not subject to the antidumping order, such an outcome may invalidate CBP's finding of evasion under EAPA."[5]  Responding to Norca's opposition, the Government strengthened its representation, insisting that "such a referral would serve the interests of the parties and of justice because it will . . . end this case (with a favorable result to plaintiffs) in the event that Commerce effectively invalidates CBP's finding of evasion by determining that rough fittings are outside the scope of the Order."[6]  That is precisely what occurred.  Commerce determined that rough fittings are not covered by the Order.[7]  Commerce's conclusion on this issue is consistent with the arguments Plaintiffs made to CBP since the very outset of the EAPA investigation, now nearly four years ago, and then later to this Court.[8]

Instead of accepting what it previously represented—namely, that the Commerce determination on "rough" fittings invalidates the evasion determination—CBP again changes gear and requests yet an additional 90 days from when the JPO is extended to reach its remand determination.  This is longer than the Government first requested when it moved for a voluntary remand nearly 2 years ago.  Further, in seeking a stay in July 2022, the Government insisted that it was not seeking an indefinite stay, but merely sought the stay for CBP to make the covered merchandise referral to allow CBP to finalize its remand redetermination.  What the Government assured the Court would be an expeditious decision from Commerce within <u>140</u> days (20 days to initiate and 120 days for final decision) has now stretched for <u>391</u> days (including a nearly 21-day delay by CBP to even make the referral after the Court granted the stay) and counting.

---

[5] Gov't Mot. to Stay Proceedings (Dkt. No. 27) at p. 5.
[6] Gov't Reply (Dkt. No. 31) at p. 5.
[7] Gov't Status Report (Dkt. No. 53), Ex. 2 Attachment (Decision Memo. for the Final Results of Covered Merchandise Inquiry – EAPA Inv. 7335) at pp. 19-20, 27.
[8] *See* P.R. 82 at PR001503; P.R. 381 at PR023614-16; P.R. 365; P.R. 370 at PR023507-14; Mem. of P. & A. in Supp. of Norca's Mot. for J. on the Agency R., Dkt. 21 at 6-13.

1098052883\1\AMERICAS

According to the Government in its stay request, CBP's remand determination was ready to be finalized after Commerce issued its covered merchandise decision.  But the Government now impermissibly seeks to use the covered merchandise determination from Commerce rejecting EAPA's prior decision as a springboard for further lengthy proceedings.

Instead of accepting that its evasion determination was unsupported, CBP now seeks to extend the process for further bites at the apple.  Commerce has rendered a decision that Norca and IPPG expected that it would—*i.e.*, rough fittings are outside the scope of the Order—as Norca and IPPG both supported at the very outset of the EAPA proceeding, citing the on-point Commerce decision that now Commerce has just reiterated.  That Commerce determination, by the Government's own representation when it sought a stay, invalidates the evasion determination.  This inquiry should end.  Not in 90 days, but now.  This Court wisely requested these status reports to monitor and control its case.

Date: October 11, 2023

                                                                                Respectfully submitted,

                                                                                */s/ Jeremy W. Dutra*
                                                                                Peter Koenig
                                                                                peter.koenig@squirepb.com
                                                                                Jeremy W. Dutra
                                                                                jeremy.dutra@squirepb.com

                                                                                Squire Patton Boggs (US) LLP
                                                                                2550 M Street, NW
                                                                                Washington, DC 20037
                                                                                (202) 457-6000

                                                                                *Counsel to Plaintiffs Norca Industrial*
                                                                                *Company, LLC and International Piping &*
                                                                                *Procurement Group, LP*