PUBLIC VERSION

### FINAL REMAND REDETERMINATION
*Norca Indus. Co., LLC v. United States*
Court No. 21-00192 (Ct. Int'l Trade)
EAPA Cons. Case No. 7335
Remand No. 7717

## I.    SUMMARY

U.S. Customs and Border Protection (CBP) has prepared this remand redetermination pursuant to the opinion and remand order, dated March 11, 2022, issued by the U.S. Court of International Trade (the Court) in *Norca Industrial Company, LLC v. United States*, Court No. 21-00192 (hereinafter, Remand Order).[1]  This remand concerns CBP's affirmative determination as to evasion of the antidumping duty (AD) order on certain carbon steel butt-weld pipe fittings (CSBW pipe fittings) from the People's Republic of China (China)[2] against importers Norca Industrial Company, LLC (Norca) and International Piping & Procurement Group, LP (IPPG) (collectively, the Importers) under the Enforce and Protect Act of 2015 (EAPA), as well as CBP's affirmative administrative review decision.[3]  On March 11, 2022, the Court granted CBP's motion for a voluntary remand to permit CBP to make a determination based on the complete administrative record: (1) by including information from a site visit of the purported manufacturer's Vietnam facility conducted by a third party initially not included in the

---

[1] *Norca Indus. Co., LLC v. United States*, 561 F. Supp. 3d 1379 (Ct. Int'l Trade 2022) (hereinafter Remand Order).
[2] *See* Antidumping Duty Order and Amendment to the Final Determination of Sales at Less Than Fair Value; Certain Carbon Steel Butt-Weld Pipe Fittings From the People's Republic of China, 57 Fed. Reg. 29,702 (Dep't Commerce, July 6, 1992) (hereinafter AD Order).
[3] *See* Notice of Determination as to Evasion in EAPA Cons. Case Number (No.) 7335 (Nov. 6, 2020) (Public (Pub.) Document (Doc.) Number (No.) 368 (hereinafter Final Determination).  Norca and IPPG each submitted requests for administrative review.  *See* Administrative Review Determination (Mar. 22, 2021) (Pub. Doc. No. 379) (hereinafter Admin. Review).

administrative record and (2) complying with the requirements in 19 C.F.R. § 165.4 regarding public summaries of business confidential information withheld from the public record and thus not available to the parties during the investigation.[4]

During the course of the remand proceedings, CBP found that it was unable to determine whether the CSBW pipe fittings imported by Norca and IPPG constituted covered merchandise subject to the AD Order on CSBW pipe fittings from China and, therefore, submitted a Covered Merchandise Referral to the U.S. Department of Commerce (Commerce) under 19 U.S.C. § 1517(b)(4)(A) and 19 C.F.R. § 165.16 on September 6, 2022.[5]  On October 2, 2023, Commerce transmitted the final results of its Covered Merchandise Inquiry to CBP.[6]  On October 24, 2023, the Court granted CBP a 90-day extension to conclude the remand proceedings and extended the judicial protective order to these remand proceedings.[7]

On remand, CBP: (1) provided Norca and IPPG[8] access to business confidential information contained in the record and allowed the parties to submit rebuttal factual information and arguments, (2) placed the information regarding a third-party site visit to the manufacturer on the record, and (3) with the benefit of a complete administrative record and the Covered Merchandise Inquiry, considered whether the Importers' entries during the period of investigation (POI) included merchandise covered by the AD Order and, if so, whether the evasion determination is affected by additional record evidence.

---

[4] Remand Order at 8-11.
[5] *See* CBP Letter, "Covered Merchandise Referral Request for Merchandise Under EAPA Consolidated Case Number 7335 (Remand Number 7717), Imported by Norca Industrial Company, LLC and International Piping & Procurement Group, LP: Antidumping Duty Order on Certain Carbon Steel Butt-Weld Pipe Fittings from the People's Republic of China" (Sep. 6, 2022) (hereinafter Covered Merchandise Referral).
[6] *See* Letter from Commerce, "Covered Merchandise Referral Regarding EAPA Investigation No. 7335" (Oct. 2, 2023) (Commerce Transmittal Letter); *see also id.*, at Attachment (Commerce Memorandum, "Decision Memorandum for the Final Results of Covered Merchandise Inquiry – EAPA Inv. 7335: Certain Carbon Steel Butt-Weld Pipe Fittings from the People's Republic of China" (Sep. 29, 2023) (hereinafter Final Results of Covered Merchandise Inquiry)).
[7] *See* Order (October 24, 2023) Granting 90-Day Extension, ECF 55 (hereinafter Extension Order).
[8] The alleger, Allied Group, did not participate in the remand.

In compliance with the Remand Order, and considering the requirements of 19 C.F.R. § 165.4, CBP placed revised public versions, including public summaries, of business confidential documents on the administrative record, and required interested parties to do the same.[9]  CBP added the third-party site visit information as well as the results of Commerce's Covered Merchandise Inquiry to the record.  In light of the intervening case law, the Court's October 24, 2023 Order (Extension Order) extended the judicial protective order entered in this matter to these remand proceedings, enabling the Importers to have access to all business confidential information from the underlying investigation and the remand proceedings.[10]  CBP provided the parties an opportunity to submit additional evidence and written arguments in light of the new information placed on the record.[11]  Finally, CBP provided the parties to the investigation an opportunity to submit comments on the draft remand redetermination.[12]

As explained below, after considering the administrative record, the Trade Remedy Law Enforcement Directorate (TRLED) within CBP's Office of Trade (OT) finds that Norca and IPPG did not enter covered merchandise into the customs territory of the United States through evasion.  The Regulations and Rulings (R&R) Directorate, within CBP's OT also finds, through *de novo* administrative review, that the Importers did not enter covered merchandise into the customs territory of the United States through evasion.  R&R's determination is attached as an addendum.  The Importers provided comments on the draft remand redetermination agreeing

---

[9] *See* CBP Email, "EAPA 7335 Remand - Request for Public Summaries" (Mar. 23, 2022); CBP Letters to Norca, IPPG, BW Fittings, and Allied Group (Mar. 23, 2022); and CBP Email, "EAPA 7335 Remand - Request for Public Summaries - Revised Letters" (Mar. 25, 2022).  On April 26, 2022, CBP informed the parties to the investigation that the administrative record for the remand proceeding encompassed the revised public versions of all documents generated during the original investigation and administrative review, including those generated by CBP.  *See* CBP Email, "EAPA 7335 Remand – Availability of Administrative Record and Submission of Rebuttal Information and Written Arguments" (Apr. 26, 2022).
[10] Extension Order at 8.
[11] *See* CBP Email, "EAPA 7335 Remand (7717) - Opportunity to Submit Written Arguments and Add'l Evidence and Extension of JPO" (Oct. 27, 2023).
[12] *See* CBP Email, "EAPA 7335 Remand (7717) – Draft Remand Redetermination (PV) and Opportunity to Submit Comments" (Dec. 21, 2023).

with CBP's determination that Norca and IPPG did not enter covered merchandise into the United States by means of evasion.

## II. BACKGROUND

### A. The Investigation and Initial Determination

On November 5, 2019, TRLED initiated investigations against Norca and IPPG based on the allegations submitted by Allied Group (Allied or Alleger) that reasonably suggested that the Importers were evading the AD Order on Chinese-origin CSBW pipe fittings through transshipment.[13]  The Importers were notified of the initiation of the investigations as well as the consolidation of the two investigations into EAPA consolidated case number 7335, on February 10, 2020.[14]  In that same notice, the Importers were alerted that interim measures had been put into place.[15]

On November 6, 2020, TRLED issued a notice of affirmative determination as to evasion (or Final Determination), finding that Norca and IPPG imported CSBW pipe fittings into the United States through evasion.[16]  TRLED found that the purported manufacturer of the CSBW fittings imported by Norca and IPPG, BW Fittings Co., Ltd. (BW Fittings), purchased rough fittings from China and conducted only finishing processes in Vietnam before exporting the merchandise to the Importers.[17]  CBP found that there was no evidence that seamless pipe or steel plate were used as raw materials to produce the CSBW fittings in Vietnam.[18]  Given that the language of the scope provides CSBW pipe fittings "imported in either finished or unfinished form" are covered under the AD Order, CBP determined that rough fittings of Chinese origin,

---

[13] Notice of Initiation of Investigation and Interim Measures, EAPA Cons. Case No. 7335 (Feb. 10, 2020) Pub. Doc. No. 66 (hereinafter NOI).
[14] NOI at 6, 11.
[15] NOI.
[16] *See* Final Determination.
[17] *Id*. at 10.
[18] *Id*.

regardless of the performance of finishing processes in a third country, are covered under the AD Order.[19]  TRLED determined that the merchandise was subject to AD duties.[20]  Based on substantial evidence on the record, TRLED found that Norca and IPPG engaged in evasion by entering merchandise subject to the AD Order on CSBW pipe fittings from China, which had been transshipped through Vietnam, and failing to declare it as subject to AD duties.[21]

On December 18, 2020, Norca requested administrative review of TRLED's determination of evasion.[22]  On March 22, 2021, R&R affirmed TRLED's determination as to evasion through its *de novo* administrative review.[23]

### B.  Proceedings Before the Court Prior to Remand

Norca and IPPG filed separate suits with the Court on April 27, 2021, which were later consolidated, to contest CBP's determination as to evasion and final administrative review determination.[24]  After Norca and IPPG filed motions for judgment on the agency record (MJAR),[25] CBP moved for a voluntary remand to address several concerns the parties had identified during the litigation, specifically with regards to the adequacy of public summaries of business confidential information and information omitted from the administrative record during the investigation documenting a November 2019 site visit to the Vietnamese manufacturing facility of BW Fittings.[26]  The information on the site visit had not been considered by the agency because the third party that submitted the information to CBP did not comply with filing

---

[19] AD Order at 29703; *see* Final Determination at 10.

[20] *See* Final Determination at 10.

[21] *Id*. at 13-14.

[22] IPPG Request for Administrative Review, EAPA Cons. Case No. 7335 (Dec. 18, 2020), Pub. Doc. No. 369; Norca Request for Administrative Review, EAPA Cons. Case No 7335 (Dec. 18, 2020), Pub. Doc. No. 370.

[23] *See* Admin. Review.

[24] Consol. And Scheduling Order, ECF No. 14.

[25] *See* Norca's R. 56.2 Mot. J. Agency R., ECF No. 20 (hereinafter Norca MJAR); *see also* Mem. P. & A. Supp. Pl.'s R. 56.2 Mot. J. Agency R., ECF No. 21 (hereinafter Norca Supp. Brief); *see also* IPPG's R. 56.2 Mot. J. Agency R., ECF No. 22 (incorporating and adopting Norca's supplemental brief) (hereinafter IPPG MJAR).

[26] Def. Mot. for Vol. Remand, ECF No. 23.

requirements in 19 C.F.R. §§ 165.4 and 165.5.[27]  CBP later determined that the third party was not an interested party subject to those provisions such that the information should not have been omitted from the record.

While Norca and IPPG did not oppose the remand, they argued that CBP should address several additional issues on remand to respond to Norca's arguments in its MJAR, including[28] whether the merchandise at issue is covered by the AD Order.[29] According to Norca, its merchandise consisted of either Chinese rough stamping parts that were then manufactured in Vietnam into CSBW pipe fittings, or seamless pipe that was manufactured into finished CSBW pipe fittings in Vietnam, both of which the Importers assert would not be covered merchandise.[30] Norca further argued that CBP should address Norca's arguments on remand that CBP engaged in unlawful speculation, unreasonably drew adverse inferences against Norca, unlawfully withheld exculpatory evidence, deprived the Importers of due process by not providing them full access to the administrative record during the investigation, and based its determination on perceived discrepancies that the parties were not provided an opportunity to explain.[31]  The Importers also asserted that CBP should address IPPG's arguments in its briefing, that CBP did not have a basis to initiate the investigation, CBP's findings rest on speculation unsupported by record evidence, and that CBP deprived IPPG of due process by withholding information during the investigation and drawing adverse inferences based on perceived discrepancies that IPPG did

---

[27] *See* CBP Letter to Norca's Customer, "Request for Information to Identified Customer with regard to Enforce and Protect Act Investigation of whether Norca Industrial Company, LLC has evaded the antidumping duty order on certain carbon steel butt-weld pipe fittings from the People's Republic of China, A-570-814, with entries of merchandise into the United States" (Jun. 9, 2020) (RFI to Norca's Customer), at 2.

[28] During the litigation, Norca and IPPG raised a variety of additional arguments that largely mirror the written arguments submitted by the parties that CBP addresses below.  *See* Norca MJAR; *see also* Norca Supp. Brief; *see also* IPPG MJAR.

[29] *See generally* Norca Supp. Brief.

[30] *Id*.

[31] *Id*.

not have an opportunity to explain.[32]

On March 11, 2022, the Court granted CBP's motion for voluntary remand to allow CBP to make a determination based on the complete administrative record.[33]  The Court noted that pursuant to the remand order, CBP would reconsider "the allegations of evasion 'anew' based on the complete record" and remanded "all issues to Customs for full consideration of the complete record."[34]  The Court declined to address the issues raised by the Importers in their briefs until the remand was completed.[35]

### C.  Remand Proceedings

CBP initiated remand case number 7717 and reopened the administrative record so that Norca, IPPG, BW Fittings, and the Alleger, Allied, could revise their respective public versions of documents then on the administrative record by providing public summaries of any business confidential information, consistent with 19 C.F.R. § 165.4(a)(2).[36]  The new, revised public versions of those documents were then placed on the remand record.[37]  CBP revised all public versions of business confidential documents it generated during the original investigation and administrative review to include public summaries in compliance with 19 C.F.R. § 165.4(e) and placed the revised public version documents on the remand record.[38]

On April 26, 2022, CBP placed business confidential versions and public versions with public summaries of documents exchanged or generated between CBP and [ *Norca's Customer* ]

---

[32] *See generally* IPPG MJAR.
[33] *See* Remand Order.
[34] Remand Order at 10.
[35] *Id*.
[36] *See* CBP Email, "EAPA 7335 Remand - Request for Public Summaries" (Mar. 23, 2022); CBP Letters to Norca, IPPG, BW Fittings, and Allied Group (Mar. 23, 2022); and CBP Email, "EAPA 7335 Remand - Request for Public Summaries - Revised Letters" (Mar. 25, 2022).
[37] On various dates in April 2022, Allied, Norca, IPPG, and BW Fittings submitted on the record of the remand proceeding revised public versions with public summaries of all their respective public version documents from the original investigation and administrative review.
[38] *See* CBP Email, "EAPA 7335 Remand – Availability of Administrative Record and Submission of Rebuttal Information and Written Arguments" (Apr. 26, 2022).

regarding the November 2019 site visit to BW Fittings' facility in Vietnam conducted by Norca's customer [*Norca's Customer*].[39]  CBP then notified the parties to the investigation of the opportunity to submit rebuttal evidence and written arguments pertinent to the revised public versions of documents and the documents or information generated or exchanged between CBP and Norca's customer during the original investigation.[40]

During the remand proceedings, after reconsidering the documents on the administrative record, CBP concluded that it was unable to determine whether the merchandise at issue was subject to the scope of the AD Order on CSBW pipe fittings from China and, therefore, a

---

[39] CBP requested that Norca's Customer identify all business confidential information in the documents it had submitted during the original investigation so that CBP could place a business confidential version of each document on the record.  CBP also informed Norca's Customer that CBP would create a public version, with public summaries, of each such document for placement on the record.  *See* CBP Email, "EAPA 7335 Remand - Request for Identification of Business Confidential Information" (Mar. 25, 2022) and CBP Letter to Norca's Customer (Mar. 25, 2022).  Norca's Customer identified all business confidential information in the documents it had submitted during the original investigation.  *See* Email from Norca's Customer, "RE: EAPA 7335 Remand - Files Requiring Identification of Business Confidential Information (Email 7 of 7)" (Mar. 28, 2022).  CBP then created and placed the business confidential versions and public versions with public summaries of documents exchanged or generated between CBP and Norca's Customer during the original investigation on the remand record.  *See* RFI to Norca's Customer; Email from Norca's Customer, "RE: EAPA Cons. Case 7335: Request for Information to Customer of Norca Industrial Company, LLC" (Jun. 12, 2020); Factory Review Submitted by Norca's Customer (Jun. 12, 2020); Various Photographs Submitted by Norca's Customer (Jun. 17, 2020); Email from Norca's Customer, "RE: EAPA Cons. Case 7335: Request for Information to Customer of Norca Industrial Company, LLC" (Jun. 17, 2020); CBP Email to Norca's Customer, "RE: EAPA Cons. Case 7335: Request for Information to Customer of Norca Industrial Company, LLC" (Jun. 17, 2020); CBP Email to Norca's Customer, "EAPA Cons. Case 7335: Follow up Questions to Customer of Norca Industrial Company, LLC" (Jun. 22, 2020); Email from Norca's Customer to CBP, "RE: EAPA Cons. Case 7335: Follow up Questions to Customer of Norca Industrial Company, LLC" (Jun. 29, 2020); and BW Video Submitted by Norca's Customer (Jun. 29, 2020).

[40] *See* CBP Email, "EAPA 7335 Remand - Availability of Administrative Record and Submission of Rebuttal Information and Written Arguments" (Apr. 26, 2022).  On May 6, 2022, Norca submitted rebuttal information that CBP found to be not in compliance with the instructions set forth in CBP's April 26, 2022, email.  Specifically, Norca submitted new information and comments that were unrelated to the revised public versions (with public summaries) of documents and the documents generated between CBP and Norca's Customer.  In addition, the narrative response and additional documents were provided by BW Fittings, which was not a party to the original investigation and thus not permitted to make submissions in the context of the remand proceeding.  Therefore, CBP rejected the entirety of Norca's May 6, 2022, submission but permitted Norca to resubmit it after remedying these issues.  *See* CBP Email, "EAPA 7335 Remand - Rejection of Rebuttal Information and Extension of Written Argument Deadline" (May 12, 2022) (CBP May 12, 2022, Email).  Norca resubmitted rebuttal information and submitted written arguments to CBP on May 16 and May 18, 2022, respectively.  *See* Letters from Norca, "EAPA Inv. No. 7335 Remand: Objection to Rejection and Resubmission of Supplemental Information" (May 16, 2022) (Norca Remand May 16, 2022, Supplemental Information) and "Remand Proceeding in EAPA Consolidated Case Number 7335 Norca Industrial Company, LLC's Written Arguments" (May 18, 2022), respectively.  On May 18, 2022, IPPG filed a letter stating that it fully adopts and joins in Norca's written arguments.  *See* Letter from IPPG, "Remand Proceeding in EAPA Consolidated Case Number 7335 International Piping & Procurement Group, LP's Adoption of Written Arguments Submitted by Norca Industrial Company, LLC" (May 18, 2022).

Covered Merchandise Referral to Commerce pursuant to 19 U.S.C. § 1517(b)(4)(A) and 19 C.F.R. § 165.16 was necessary.  On July 1, 2022, CBP moved for a stay of proceedings in the case to allow for Commerce to conduct a Covered Merchandise Inquiry.[41]  On August 15, 2022, the Court granted CBP's motion and stayed the deadlines in the litigation pending further order of the Court.[42]  On September 6, 2022, CBP made a Covered Merchandise Referral to Commerce.[43]

On October 2, 2023, Commerce transmitted the final results of its Covered Merchandise Inquiry to CBP.[44]  On October 24, 2023, the Court granted CBP a 90-day extension to conclude the remand proceedings.[45]  On October 27, 2023, in light of Commerce's Covered Merchandise Inquiry, CBP provided the parties to the investigation with an opportunity to submit additional evidence, particularly regarding what steps of the production process were being performed in Vietnam, as well as updated written arguments.[46]  On November 13, 2023, Norca and IPPG submitted additional evidence[47] and written arguments.[48]  On December 21, 2023, TRLED provided the parties to the investigation its draft remand redetermination.[49]  On January 8, 2024, the Importers submitted comments on the draft remand redetermination.[50]  The Alleger did not submit comments.

---

[41] Def.'s Mot. Stay Proceedings, ECF No. 27.
[42] Order (Aug. 15, 2022), ECF No. 30.
[43] *See* Covered Merchandise Referral.
[44] *See* Commerce Transmittal Letter and Final Results of Covered Merchandise Inquiry.
[45] Extension Order.
[46] *See* CBP Email, "EAPA 7335 Remand (7717) - Opportunity to Submit Written Arguments and Add'l Evidence and Extension of JPO" (Oct. 27, 2023).
[47] *See* Letter from Norca and IPPG, "Remand Proceeding in EAPA Consolidated Case Number 7335: Submission of Additional Information by Norca Industrial Company, LLC and International Piping & Procurement Group, LP" (Nov. 13, 2023) (Norca and IPPG November 13, 2023, Additional Evidence).
[48] *See* Letter from Norca and IPPG, "Remand Proceeding in EAPA Consolidated Case Number 7335: Written Arguments by Norca Industrial Company, LLC and International Piping & Procurement Group, LP" (Nov. 13, 2023) (Norca and IPPG November 13, 2023, Written Arguments).
[49] *See* CBP Email, "EAPA 7335 Remand (7717) – Draft Remand Redetermination (PV) and Opportunity to Submit Comments" (Dec. 21, 2023).
[50] *See* Letter from Norca and IPPG, "Remand Proceeding in EAPA Consolidated Case Number 7335: Comments on

### III.   ISSUES ON REMAND

#### A.  Access to Business Confidential Information

In its memorandum of points and authorities supporting its motion for judgment on the agency record (MJAR), Norca argued that CBP deprived Norca of its due process right to notice and an opportunity to be heard because it lacked access to business confidential information during the underlying investigation.[51]  On remand, as discussed above, TRLED reviewed the record and ensured that compliant public summaries were included for all business confidential information on the record.[52]

On July 27, 2023, while this remand proceeding was pending before CBP, the U.S. Court of Appeals for the Federal Circuit issued a decision in *Royal Brush Manufacturing Inc. v. United States*, 75 F.4th 1250 (Fed. Cir. 2023), holding that CBP was required to provide the importer subject to investigation in that case with any business confidential information upon which CBP relied to reach a determination of evasion.  Consistent with that holding, CBP moved to extend the judicial protective order (JPO) in place in this case to extend to the remand proceeding.[53]  The Court extended the JPO to the remand,[54] and subsequently, CBP allowed Norca and IPPG's counsel access to the business confidential documents on the administrative record subject to the JPO entered in this matter.[55]  Therefore, the Importers have been able to review and utilize all

---

Draft Remand Redetermination by Norca Industrial Company, LLC and International Piping & Procurement Group, LP" (Jan. 8, 2024) (Norca and IPPG January 8, 2024, Comments on Draft Remand Redetermination).  While the date on the letter is January 8, 2023, it was actually submitted on January 8, 2024.

[51] *See, e.g.,* Norca Supp. Brief at 19-27.

[52] *See* CBP Email, "EAPA 7335 Remand – Availability of Administrative Record and Submission of Rebuttal Information and Written Arguments" (Apr. 26, 2022).

[53] Def.'s Status Report, Oct. 10, 2023, ECF No. 53.

[54] Order, Oct. 24, 2023, ECF No. 55.

[55] *See* CBP Email, "EAPA 7335 Remand – Access to BC documents through JPO" (Nov. 6, 2023) and CBP Email, "EAPA 7335 Remand – Provision of BC documents pursuant to extended JPO" (Dec. 1, 2023).

record information to make presentations to CBP regardless of whether the information is public

or business confidential in nature.

### B.  Third-Party Site Visit Information

On remand, CBP placed information from a site visit of BW Fittings' manufacturing

facility in Vietnam, conducted by Norca's customer [*Norca's Customer*] on the record, as well as

CBP's communications with that third party during the underlying investigation.  TRLED

initially omitted this information from the record during the investigation because Norca's

customer did not timely respond to CBP's request to identify business confidential information

per 19 C.F.R. § 165.4, which provides that if an interested party does not follow the regulatory

guidelines for claiming business confidential treatment, and fails to take corrective action, CBP

will not consider that submission.[56]  However, during the litigation, CBP realized that the third

party did not fall within the definition of an "interested party" under 19 C.F.R. § 165.1 such that

the provisions of 19 C.F.R. § 165.4 were not applicable to its submissions.  On remand, in order

to ensure proper handling of business confidential information, as well as provide the parties to

the investigation with as much public information as possible, CBP contacted the customer to

have it appropriately identify which parts of its submission should be treated as business

confidential.[57]

As noted above, given the extension of the JPO to these remand proceedings, the parties

have had full access to all information contained in the third-party site visit documentation as

well as all communications between CBP and the third party related to that documentation.  The

---

[56] 19 C.F.R. § 165.4(b)(3); *see* RFI to Norca's Customer at 2.

[57] *See* CBP Email, "EAPA 7335 Remand - Request for Identification of Business Confidential Information" (Mar. 25, 2022) and CBP Letter to Norca's Customer (Mar. 25, 2022).  In response to CBP's request, Norca's Customer identified all business confidential information in the documents it had submitted during the original investigation. *See* Email from Norca's Customer, "RE: EAPA 7335 Remand - Files Requiring Identification of Business Confidential Information (Email 7 of 7)" (Mar. 28, 2022).

parties have had an opportunity to make presentations to CBP based on this information, to include additional evidence and written arguments. CBP has had time to fully consider this record information and its impact on the initial determination of evasion. As explained in greater detail below, upon consideration, TRLED finds that the information submitted by the customer is consistent with claims made by Norca and IPPG about BW Fittings' production processes, specifically that rough fittings, as well as raw materials (seamless steel pipe and steel plate[58]) are being converted into finished CSBW pipe fittings at BW Fittings' manufacturing facility in Vietnam.

### C. Evasion Determination

*1. Scope*

The AD Order covers "carbon steel butt-weld pipe fittings, having an inside diameter of less than 14 inches, imported in either finished or unfinished form. These formed or forged pipe fittings are used to join sections in piping systems where conditions require permanent, welded connections, as distinguished from fittings based on other fastening methods (*e.g.*, threaded, grooved, or bolted fittings)."[59] In its Final Determination, TRLED found that "rough, unfinished (or semi-finished) CSBW pipe fittings from China that undergo finishing processes (*e.g.*, re-forming, sizing, shot blasting, cleaning, machine beveling, grinding, die stamping or painting processes) in a third country" would be covered by the plain language of the AD Order.[60] TRLED clarified that if seamless pipe or steel plate are used to produce CSBW pipe fittings, then

---

[58] Seamless steel pipe/tube are used to produce CSBW pipe fittings in the form of elbows, tees, and reducers, and steel plate is used to produce CSBW pipe fittings in the form of caps.
[59] AD Order at 29,703.
[60] Final Determination at 5.

that merchandise would not be covered by the AD Order, as seamless pipe and steel plate are considered raw materials.[61]

During the remand proceedings, CBP concluded that it was unable to determine whether the merchandise at issue was subject to the AD Order and, therefore, a Covered Merchandise Referral to Commerce pursuant to 19 U.S.C. § 1517(b)(4)(A) and 19 C.F.R. § 165.16 was necessary.  CBP explained in the Covered Merchandise Referral that, on remand, it reviewed the administrative record and re-examined the information related to the production processes undertaken by BW Fittings to convert Chinese-origin rough fittings into finished CSBW pipe fittings in Vietnam and the arguments submitted by Norca.[62]  Specifically, in its initial written arguments during the remand, Norca alleged that the production of CSBW pipe fittings involves three stages.[63]  First, the seamless pipe that serves as the raw material is converted "into the rough shape of an elbow, tee, reducer, etc., through a cold- or hot- forming (or forging) process."[64]  Second, the rough fitting is re-formed or sized so that it will match the pipe to which it is destined to be welded.[65]  Third, and finally, finishing processes are completed including "shot blasting, or other cleaning, machine beveling, boring and tapering, grinding, die stamping, inspection, and painting."[66]

Norca claimed that all the CSBW pipe fittings it imported into the United States underwent at least the second and third phases of production in Vietnam.[67]  However, during the original investigation, BW Fittings reported that it phased in its production capabilities for the

---

[61] *Id*.
[62] Covered Merchandise Referral at 3.
[63] *See* Letter from Norca, "Remand Proceeding in EAPA Consolidated Case Number 7335 Norca Industrial Company, LLC's Written Arguments" (May 18, 2022) (hereinafter Norca's First Written Arguments) at 11.
[64] Norca's First Written Arguments at 11.
[65] *Id*.
[66] *Id*.
[67] *Id*. at 13.

CSBW pipe fittings and in TRLED's assessment, production documentation on the record appeared to show that in some cases, BW Fittings only performed the third stage of production, while in other cases, it performed both the second and third stages of production in Vietnam.[68] Therefore, CBP requested a determination from Commerce as to whether (1) Chinese-origin rough fittings that only underwent the third stage of production (*i.e.*, finishing processes) in Vietnam are within the scope of the AD Order; and (2) whether Chinese-origin rough fittings that underwent both the second (*i.e.*, reforming or sizing the rough fitting so that the fitting will match the pipe to which it is destined to be welded) and third stages of production (*i.e.*, finishing processes) in Vietnam are within the scope of the AD Order.[69]

On October 2, 2023, Commerce transmitted the Covered Merchandise Inquiry to CBP.[70] Commerce determined that Chinese-origin "unfinished" butt-weld pipe fittings that undergo only the final stage (*i.e.*, finishing processes) of three production stages in Vietnam were covered by the scope of the AD Order because they are not substantially transformed into products with a country of origin of Vietnam by the finishing processes performed in Vietnam.[71]  Commerce also determined that Chinese-origin "rough" CSBW pipe fittings that undergo the second and third stages of production (*i.e.*, heat treatment, resizing, and finishing) in Vietnam are not within the scope of the AD Order.[72]  In determining the latter, Commerce stated that the terms "rough fitting" and "unfinished fitting" are separate and distinct terms; Commerce found that rough

---

[68] *See* Final Determination at 6 and Letter from BW Fittings, "EAPA Inv. No. 7335: Submission of BW Fittings Co., Ltd Response to February 14, 2020 Request for Information" (Apr. 20, 2020) at Exhibit 3_1 (Pub. Doc. No. 244) (BW Fittings RFI Response Exhibit 3_1); *see also, e.g.,* Letter from BW Fittings, "EAPA Inv. No. 7335: Submission of BW Fittings Co., Ltd Response to February 14, 2020 Request for Information" (Apr. 20, 2020) at Exhibits 16_1 (Pub. Docs. 137 and 139) (BW Fittings RFI Response Exhibit 16_1) and 16_6 (Pub. Docs. 179 and 181) (BW Fittings RFI Response Exhibit 16_6), respectively.
[69] Covered Merchandise Referral at 4.
[70] *See* Commerce Transmittal Letter and Final Results of Covered Merchandise Inquiry.
[71] *See* Final Results of Covered Merchandise Inquiry at 6-14.
[72] *Id*. at 17-27.

fittings are not a form of unfinished butt-weld pipe fitting, such that rough fittings are not automatically covered by the plain language of the scope.[73]

Based on the results of Commerce's Covered Merchandise Inquiry, CBP now finds that CSBW pipe fittings imported by IPPG and Norca that were made from Chinese-origin rough fittings where steps two and three of the production process took place in Vietnam are not covered by the scope of the AD Order.  CBP continues to find that CSBW pipe fittings made from Chinese-origin steel pipe or plate where all three steps of the production process take place in Vietnam are not covered by the AD Order.  CBP also finds that the CSBW pipe fittings entered by Norca and IPPG underwent at least the second and third stages in Vietnam.  Thus, as described further below, CBP finds that Norca and IPPG did not enter covered merchandise into the United States through evasion.

2. *Production Processes Occurring in Vietnam*

In its response to a request for information (RFI) from CBP during the underlying investigation, BW Fittings described the production process as entailing three steps: first, seamless pipe is transformed into a rough shape of an elbow, tee, reducer or cap through a cold- or hot-forming process; next, the rough shape undergoes heat treatment and hot shaping process (so that the fitting will match the pipe it is destined to be welded to); and lastly, the product is

---

[73] *Id*.  The scope of the *AD Order* states:

> The products covered by this order are carbon steel butt-weld pipe fittings, having an inside diameter of less than 14 inches, imported in either finished or unfinished form. These formed or forged pipe fittings are used to join sections in piping systems where conditions require permanent, welded connections, as distinguished from fittings based on other fastening methods (*e.g.,* threaded, grooved, or bolted fittings).

*See AD Order*, 57 Fed. Reg. at 29,703.

finished through beveling, sand blasting, marking, painting, and packing.[74]  These three stages

align with the three stages that Commerce considered in the Covered Merchandise Inquiry.[75]

Through its RFI response during the investigation, BW Fittings stated that it "imported

rough and seamless pipe products from China from October 15, 2018 to present" to produce the

finished CSBW pipe fittings sold to Norca and IPPG.[76]  BW Fittings provided information in its

RFI response showing that it phased in its production capabilities as follows: (1) from September

2018 through June 2019, BW Fittings performed finishing processes to rough fittings, namely,

beveling, sand blasting, marking, painting, and packing; (2) from June 2019 through September

2019, BW Fittings added heat treatment and hot shaping to the processes described above, using

rough fittings as the raw materials; and, (3) from September 2019 onward, BW Fittings added

cutting and forming to the processes described for the previous periods and indicated that it used

steel tubes/pipes and steel plates as the raw materials.[77]

The raw material sales contracts and invoices submitted by BW Fittings during the

investigation showed that BW Fittings purchased the raw materials used to make CSBW pipe

fittings from Chinese suppliers Haitian Pipe Fittings Co., Limited (HPCO) and Asia Piping

Manufacturing Group Limited (Asia Piping).[78]  The product descriptions on the raw material

---

[74] *See* Letter from BW Fittings, "EAPA Inv. No. 7335: Submission of BW Fittings Co., Ltd Response to February 14, 2020, Request for Information" (Apr. 20, 2020) at Narrative (Pub. Doc. No. 381) (BW Fittings RFI Response Narrative) at 15.

[75] *See* Final Results of Covered Merchandise Inquiry at 3.

[76] *See* BW Fittings RFI Response Narrative at 15.  CBP notes that October 15, 2018 (*i.e.*, the date one year prior to the date that CBP acknowledged receipt of the properly filed allegations against Norca and IPPG) is the date on which the POI began.

[77] *See* BW Fittings RFI Response Exhibit 3_1; *see also* Letter from BW Fittings, "EAPA Inv. No. 7335: Submission of BW Fittings Co., Ltd Response to February 14, 2020, Request for Information" (Apr. 20, 2020) at Exhibits 3_2 (Pub. Doc. No. 245) (BW Fittings RFI Response Exhibit 3_2) and 3_3 (Pub. Doc. No. 246) (BW Fittings RFI Response Exhibit 3_3).

[78] *See* Letter from BW Fittings, "EAPA Inv. No. 7335: Submission of BW Fittings Co., Ltd Response to February 14, 2020 Request for Information" (Apr. 20, 2020) at Exhibit 6 (Pub. Doc. Nos. 132, 134, 136, 138, 140, 142, 144, 146, 148, 150, 152, 154, 156, 158, 160, 162, 164, 166, 168, 170, 172, 174, 176, 178, 180, 182, 184, 186, 188, 190, 192, 194, 196, 198, 200, 202, 204, 206, 208, 210, 212, 214, 216, 218, and 220) (BW Fittings RFI Response Exhibit

sales contracts and invoices were either written out as "rough fittings" or presented in a numeric format.[79]  The written-out descriptions consisted of the rough fitting type (*e.g.*, "rough elbow," "rough cap," "rough red" ("reducer"), or "rough tee"); the outside diameter (OD) in inches; and wall thickness (WT) as standard (STD), extra heavy (XH), and extra extra heavy (XXH).[80]  As such, it was clear that the raw material sales contracts and invoices were for rough fittings.

The record shows that BW Fittings used Chinese-origin rough fittings during a portion of the POI to manufacture the CSBW pipe fittings imported by Norca and IPPG.[81]  Specifically, many of the raw material sales contracts between BW Fittings and its Chinese raw material suppliers, associated invoices and packing lists, bills of lading, and other documentation demonstrate that BW Fittings purchased rough fittings from HPCO and Asia Piping.[82]  Given Commerce's determination in the covered merchandise inquiry that Chinese-origin "rough" butt-weld pipe fittings that undergo the second and third stages of production in Vietnam are not covered merchandise, the question before CBP, then, is whether BW Fittings actually performed at least the second and third steps of production in Vietnam during the entirety of the POI.

Although BW Fittings claimed in its RFI response that all CSBW pipe fittings it exported to the United States underwent at least the second and third production steps in Vietnam,[83] CBP's review of the information on the record of the investigation showed otherwise. Specifically, as noted above, BW Fittings reported that from September 2018 through June 2019,

---

6).  BW Fittings reported that HPCO is fully owned by Hebei Haitian Pipe Fittings Co., Ltd, which is also BW Fittings' parent company.  *See* BW Fittings RFI Response Narrative at 9-11.

[79] *See* BW Fittings RFI Response Exhibit 6.

[80] *Id*.

[81] *See* BW Fittings RFI Response Exhibit 3_1 and BW Fittings RFI Response Exhibit 6.

[82] *See*, *e.g.*, BW Fittings RFI Response Exhibit 16_1 and Letter from BW Fittings, "EAPA Inv. No. 7335: Submission of BW Fittings Co., Ltd Response to February 14, 2020 Request for Information" (Apr. 20, 2020) at Exhibits 16_2 (Pub. Doc. Nos. 139 and 141), 16_3 (Pub. Doc. Nos. 141 and 143), 16_4 (Pub. Doc. Nos. 143, 145 147, 149, 151, 153, 155, 157, and 159), and 16_5 (Pub. Doc. Nos. 159, 161, 163, 165, 167, 169, 171, 173, 175, 177, and 179) (BW Fittings RFI Response Exhibits 16_2, 16_3, 16_4, and 16_5, respectively).

[83] *See* BW Fittings RFI Response Narrative at 16.

it performed only the third step of production (*i.e.*, finishing processes) and did not add heat treatment and hot shaping (*i.e.*, the second steps of production) until the period June 2019 through September 2019.[84]  Further, information on the record of the investigation demonstrates that many of the product process flow cards (a document used by BW Fittings to record the completion of production steps), particularly those with dates prior to June 2019, indicated that BW Fittings performed only the third step of production, since only the lines for "Beveling," "Surface Treatment," "Marking," "Painting" and "Packing" on the product process flow cards were checked and/or dated and signed.[85]  While some product process flow cards indicated that BW Fittings did, in fact, perform "Hot processing" or "Heat treatment" (*i.e.*, the second step of production) in addition to finishing processes based on the check marks and/or dates and signatures therein, those documents were dated after June 2019.[86]  This indicated to TRLED during the investigation stage that there were portions of the POI during which BW Fittings was only performing the third stage of production.

In their November 13, 2023 submission of additional evidence during the remand proceedings, Norca and IPPG provided further information to help clarify the production processes occurring at the BW Fittings manufacturing facility in Vietnam.[87]  A declaration from Linda Chen, assistant to BW Fittings' general manager during the POI, included an assertion that all CSBW pipe fittings exported by BW Fittings to the United States underwent at least the

---

[84] *See* BW Fittings RFI Response Exhibit 3_1.
[85] *See*, *e.g.*, BW Fittings RFI Response Exhibits 16_1, 16_2, 16_3, 16_4, and 16_5 (containing product process flow cards with dates from September 2018 through January 2019 showing that only the third step of production (*i.e.*, finishing processes) were performed).
[86] *See*, *e.g.*, BW Fittings RFI Response Exhibit 16_6 (containing product process flow cards with dates in July 2019 demonstrating that hot processing or heat treatment (*i.e.*, the second step of production) were performed in addition to finishing processes).
[87] *See* Norca and IPPG November 13, 2023, Additional Evidence.

second and third production steps in Vietnam.[88]  The declarant maintained that since BW

Fittings' inception, its production operations included heat treatment and sizing.[89]  To perform

the heat treatment of rough fittings, the declarant stated that BW Fittings currently uses an

electric furnace, which BW Fittings received in June 2019, as shown in its RFI response.[90]  The

declarant stated that prior to June 2019, because BW Fittings had not received the electric

furnace, BW Fittings temporarily used intermediate frequency induction heating coils to perform

heat treatment of purchased rough fittings.[91]  The declarant explained that, as shown in BW

Fittings' RFI response, BW Fittings obtained elbow forming machines (along with the associated

mandrels) in June 2018;[92] these elbow forming machines include induction heating coils, which

BW Fittings used to perform the required heat treatment on the purchased rough fittings.[93]

The declarant stated that after heat treatment (whether by induction coils or electric

furnace), BW Fittings uses a press machine to ensure proper sizing of rough fittings.[94]  The

declarant referred to maintenance logs for the elbow forming machine and the press machine,

which were dated September 2018 through December 2019.[95]

Regarding the production process diagram for the period September 2018 to June 2019 in

BW Fittings' RFI response showing that BW Fittings only performed finishing processes during

that period, the declarant stated that it incorrectly omitted the production required to prepare

---

[88] See Norca and IPPG November 13, 2023, Additional Evidence, at Declaration, ¶¶ 4-5, citing BW Fittings RFI Response Narrative at 16 (response to Question III.2).
[89] Id. at Declaration, ¶ 9-10, citing BW Fittings RFI Response Exhibit 18 (Apr. 20, 2020) (Pub. Doc. Nos. 259 and 260) (BW Fittings RFI Response Exhibit 18)
[90] Id. at Declaration, ¶ 9, citing BW Fittings RFI Response Exhibit 18.
[91] Id. at Declaration, ¶ 10.
[92] Id. at Declaration, ¶ 10 and Exhibit SR2 (containing the purchase records for this machinery).
[93] Id. at Declaration, ¶¶ 11-12, Exhibit SR3 (containing video of the heating coils in operation), and Exhibit SR4 (containing a guide to induction coil design).
[94] Id. at Declaration, ¶ 13 and Exhibit SR5 (containing video showing the process of heating a rough elbow and placing it in the press machine to ensure proper sizing).
[95] Id. at Declaration, ¶ 13 and Exhibit SR6 (containing maintenance logs).

rough fittings for the finishing operations (*i.e.*, the second step of production).[96]  She also claimed that prior to June 2019, the field for "hot processing" on the product process flow cards was not filled in because that field refers to hot processing through the use of electric furnaces, and BW Fittings utilized a pre-existing form with the expectation that it would use electric furnaces in its operations.[97]

The remand record demonstrates that BW Fittings had the capability to perform heat treatment and resizing during the entire POI.[98]  CBP reviewed the purchase records provided in the Importers' November 13, 2023 submission of additional evidence for the elbow forming machines and press machines, which the declarant claimed were used to perform heat treatment and sizing, respectively.[99]  These records include a sales contract, invoice, packing list, and bill of lading, each dated in June 2018, and associated Vietnam customs clearance documents with dates in July 2018, showing that BW Fittings acquired two elbow forming machines from Alliance Fittings Industry Sdn. Bhd. in Malaysia.[100]  These records also consist of the sales contract, invoice, packing list, and bill of lading and associated Vietnam customs clearance documents, with dates in June and July 2018, showing that BW Fittings obtained two press machines from Hebei Haitian Pipe Fittings Co., Ltd in China.[101]  CBP observed that BW Fittings previously submitted in its RFI response an invoice and packing list, along with the bill of lading, for the elbow machines obtained from Alliance Fittings Industry Sdn. Bhd[102] and the sales contract, invoice, packing list, bill of lading, and Vietnam customs clearance documents for

---

[96] *Id*. at Declaration, ¶ 15.
[97] *Id*. at Declaration, ¶ 14.
[98] As noted above, the POI began on October 15, 2018.
[99] *See* Norca and IPPG November 13, 2023, Additional Evidence at Declaration, ¶ 10 and Exhibit SR2.
[100] *Id*. at Exhibit SR2.
[101] *Id*.
[102] *See* Letter from BW Fittings, "EAPA Inv. No. 7335: Submission of BW Fittings Co., Ltd Response to February 14, 2020, Request for Information" (Apr. 20, 2020) at Exhibit 18_10 (Pub. Doc. No. 259).

the press machines acquired from Hebei Haitian Pipe Fittings Co., Ltd.[103]  Accordingly, documentation on the record demonstrates that BW Fittings had equipment that enabled it to perform heat treatment and resizing of rough fittings, *i.e.*, the second step of the production process for CSBW pipe fittings, from the outset of its operations, and therefore during the period September 2018 through June 2019, *i.e.*, the period for which BW Fittings previously reported that it only performed finishing processes.

CBP also examined the equipment maintenance logs for one elbow forming machine and one press machine cited by the declarant and included in the Importers' November 13, 2023 submission of additional evidence.[104]  The equipment maintenance logs provided in this submission for each machine are dated September 2018 through December 2019[105] and, thus, cover the period September 2018 through June 2019, the timeframe for which BW Fittings originally reported that it only performed finishing processes.  BW Fittings also provided equipment maintenance logs for multiple elbow forming machines and press machines for the period January 2019 through March 2020 in its RFI response.[106]  While CBP was unable to match the equipment maintenance logs included in Norca and IPPG's November 13, 2023 submission to those included in BW Fittings' RFI response, CBP observed that the records of the original investigation and remand collectively contain equipment maintenance logs for elbow forming and press machines since the outset of BW Fittings' operations, indicating that BW Fittings performed heat treatment and resizing of rough fittings from that time.[107]

---

[103] *See* Letter from BW Fittings, "EAPA Inv. No. 7335: Submission of BW Fittings Co., Ltd Response to February 14, 2020, Request for Information" (Apr. 20, 2020) at Exhibit 18_12 (Pub. Doc. No. 259).
[104] *See* Norca and IPPG November 13, 2023, Additional Evidence at Declaration, ¶ 13 and Exhibit SR6.
[105] *Id*. at Exhibit SR6.
[106] *See* Letter from BW Fittings, "EAPA Inv. No. 7335: Submission of BW Fittings Co., Ltd Response to February 14, 2020, Request for Information" (Apr. 20, 2020) at Exhibit 19 (Pub. Doc. No. 261) (BW Fittings RFI Response Exhibit 19).
[107] *See* Norca and IPPG November 13, 2023, Additional Evidence at Exhibit SR6 and BW Fittings RFI Response Exhibit 19.

Finally, CBP reviewed the factory personnel training records for the period August 2018 through November 2018 included in Norca and IPPG's November 13, 2022 submission.[108] These records appear to show that an increasingly greater number of BW Fittings employees were trained on the heat treatment of elbows, tees, reducers, and caps each successive month.[109] CBP observed that the names of the employees on the November 2018 evaluation record matched names on the employee timecard for November 2018 included in BW Fittings' RFI response, such that the November 2018 evaluation record appears to be reliable.[110]

In sum, the record establishes that BW Fittings conducted the second and third stages of production at its facility in Vietnam during the POI using rough fittings imported from China to manufacture the CSBW pipe fittings that Norca and IPPG entered into the United States. Based on the final results of Commerce's Covered Merchandise Inquiry, such CSBW pipe fittings are outside the scope of the AD Order.

### 3. Seamless Steel Pipes and Steel Plate

As noted previously, BW Fittings reported in its RFI response that in September 2019, it added cutting and forming to its production process (*i.e.*, the first step of production for CSBW pipe fittings) and indicated that it used steel tubes/pipes and steel plates as the raw materials.[111] In the determination as to evasion, CBP noted that while the majority of the raw material sales contracts and invoices contained written-out descriptions for "rough fittings," some of the raw material suppliers' contracts and invoices listed products in a numeric format.[112] The numeric product descriptions consisted of two or three dimensions, depending on the product.[113] In

---

[108] *See* Norca and IPPG November 13, 2023, Additional Evidence at Exhibit SR1.
[109] *Id.*
[110] *Compare* Norca and IPPG November 13, 2023, Additional Evidence at Exhibit SR1 (specifically, evaluation record for November 2018) with timecard in BW Fittings RFI Response Exhibit 16_1.
[111] *See* BW Fittings RFI Response Exhibit 3_1; *see also* BW Fittings RFI Response Exhibits 3_2 and 3_3.
[112] *See* Final Determination at 7-8.
[113] *Id.* at 7.

response to CBP's question to BW Fittings in the supplemental RFI to explain what the dimensions represented, BW Fittings responded that two of them referred to the outer diameter and wall thickness, but did not explain what the third dimension meant.[114]  Thus, as noted in the Final Determination, CBP found that it was unclear what products the numeric product descriptions actually represented.[115]  Even though the raw material contracts and invoices with numeric product descriptions corresponded with BW Fittings' claimed purchases of seamless pipe, CBP concluded that the numeric product descriptions were actually for rough fittings based on its examination of BW Fittings' product code list, BW Fittings' production records, and the raw material contracts and invoices.[116]

CBP noted in the determination as to evasion that because it did not identify any purchases of long pipe on the raw material invoices submitted by BW Fittings, CBP asked BW Fittings to clarify how it used the bend-saw machines (for cutting long pipe) from September 2019 forward, and to provide any raw material invoices for long/uncut seamless pipe that were not previously provided.[117]  BW Fittings responded that it already provided purchase documents for imported long pipe or seamless pipe and directed CBP to a chart titled, in part, "The List of

---

[114] *See* Letter from BW Fittings, "EAPA Inv. No. 7335: Submission of BW Fittings Co., Ltd Response to March 27, 2020 Request for Information" at Cover_Narrative (Jun. 24, 2020) (Pub. Doc. No. 322) (BW Fittings Supplemental RFI Response Narrative), at 7-8.

[115] *See* Final Determination at 7.

[116] *Id*. at 7-8.  As explained therein, CBP reviewed BW Fittings' product code list and found that all the "raw material specifications" in the list had numeric descriptions; none had written-out descriptions such as "rough tee" or "rough elbow," which CBP expected to see because many of the raw material invoices had raw material product specifications in the written-out format.  Since BW Fittings indicated that its product code list contained all products produced and sold during the POI, and BW Fittings admitted to using rough fittings in its production process from October 2018 through September 2019, CBP concluded the numeric descriptions in the product code list and on the raw material invoices were for rough fittings.  In addition, when CBP reviewed BW Fittings' production records, CBP identified, for different fittings, the same numeric descriptions on 2018 raw materials requisitions for rough fittings as on the 2019 raw material invoices with numeric product descriptions.  Further, CBP identified raw material sales contracts and invoices which showed that BW Fittings purchased "rough fittings" in late December 2019 and January 2020, during which BW Fittings claimed it used seamless steel pipe as the raw material.

[117] *Id*. at 8-9.

Purchasing Long Pipe."[118]  CBP observed that some of the raw material purchasing contracts listed in that chart were those with written descriptions for rough fittings, and some of those were dated well before BW Fittings reportedly had the capability to perform cutting and forming of seamless pipe.[119]  Thus, CBP concluded the information in that chart contradicted BW Fittings' statements about its production processes and also the raw material contracts and invoices themselves, on which CBP found no evidence of long seamless pipe (or steel plate) purchases.[120]

For this remand redetermination, CBP has reviewed the documentation on the administrative record, including the supplemental information and additional evidence placed on the record by Norca and IPPG during the course of the remand and determines that, as explained below, BW Fittings did, in fact, import and utilize seamless pipe to manufacture CSBW pipe fittings in Vietnam during a portion of the POI.

During the remand, Norca clarified that the numeric product descriptions with three numbers are used for seamless pipes, where the first number represents the outside diameter, the second number indicates the wall thickness, and the third number represents the length of the pipe in millimeters.[121]  Using a product with the numeric product description 114*6*105(mm) as an example, the length of the product would be 105 mm (equivalent to 0.105 m or approximately 4 inches).  Thus, Norca's explanation indicates that the numeric product descriptions with three numbers shown on the raw material suppliers' contracts and invoices and used by BW Fittings to produce finished CSBW pipe fittings were shorter length, cut pieces of pipe with the outer diameter and wall thickness specified by the first and second numbers, respectively.

---

[118] *Id.* at 9 (citing BW Fittings Supplemental RFI Response Narrative at 8 and Letter from BW Fittings, "EAPA Inv. No. 7335: Submission of BW Fittings Co., Ltd Response to March 27, 2020, Request for Information" (Jun. 24, 2020) at Exhibit S10 (Pub. Doc. No. 341) (BW Fittings Supplemental RFI Response Exhibit S10)).
[119] *Id.* (citing BW Fittings Supplemental RFI Response Exhibit S10 and BW Fittings RFI Response Exhibit 6).
[120] *Id.* at 9.
[121] *See* Norca Remand May 16, 2022, Supplemental Information at 3.

Bills of lading for BW Fittings' raw material imports associated with contracts and invoices with numeric product descriptions[122] on the record of the investigation[123] and submitted by Norca in conjunction with this remand[124] show that these imported raw materials, all of which originated from the Chinese supplier Asia Piping, consisted of "seamless steel pipes" classified under HS Code 730490.[125]   The earliest date on these bills of lading was August 27, 2019, and the earliest date on which BW Fittings received these raw materials (according to Goods Receiving Notes) was September 8, 2019, roughly corresponding with the time period when BW Fittings reportedly began producing CSBW pipe fittings from seamless pipe.[126]

---

[122] CBP noted in the determination as to evasion that it linked the raw material sales contracts and invoices with numeric product descriptions to entries of CSBW pipe fittings by the Importers between [ *date* ] and [ *date* ].  *See* Final Determination at 8.

[123] *See, e.g.*, Letter from Norca, "EAPA Inv. No. 7335: Norca Industrial Company, LLC's Response to April 21, 2020 Supplemental Request for Information" (Jun. 22, 2020) at Section 2 (Pub. Doc. Nos. 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, and 360) (Norca Second Supplemental RFI Response Section 2) (containing raw material bills of lading as well as raw material contracts and invoices); *see also* Letter from BW Fittings, "EAPA Inv. No. 7335: Submission of BW Fittings Co., Ltd Response to February 14, 2020 Request for Information" (Apr. 20, 2020) at Exhibits 16_7 (Pub. Doc. Nos. 181 and 183), 16_8 (Pub. Doc. Nos. 183 and 185), 16_21 (Pub. Doc. Nos. 237 and 238), 16_22 (Pub. Doc. Nos. 238, 239, and 240), 16_23 (Pub. Doc. Nos. 240 and 241), 16_24 (Pub. Doc. No. 131), 16_25 (Pub. Doc. Nos. 131 and 133), 16_26 (Pub. Doc. Nos. 133 and 135), and 16_27 (Pub. Doc. Nos. 135 and 137) (BW Fittings RFI Response Exhibits 16_7, 16_8, and 16_21 through 16_27, respectively) (containing same).

[124] *See* Norca Remand May 16, 2022, Supplemental Information at Exhibit NR1.  The documents contained in this submission were largely the same as documentation (*e.g.*, raw material bills of lading, contracts, and invoices) submitted during the investigation, although this submission included full versions of Vietnam customs clearances and the documents were collated by raw material bill of lading number.  This submission contained documentation for a total of 11 bills of lading.

During this remand, Norca also provided Trade Atlas Data showing BW Fittings' imports of seamless products under HS Code 73049090.  *See* Norca Remand May 16, 2022, Supplemental Information at Exhibit NR2. These data reflect 10 of the 11 bills of lading provided in Exhibit NR1 of the Norca Remand May 16, 2022, Supplemental Information.

[125] *See* Norca Second Supplemental RFI Response Section 2 and Norca Remand May 16, 2022, Supplemental Information at Exhibit NR1 (both containing bills of lading for raw materials throughout).  CBP noted that two of the bills of lading included in Exhibit NR1 of the Norca Remand May 16, 2022, Supplemental Information were not found in Norca Second Supplemental RFI Response Section 2.  *See also* BW Fittings RFI Response Exhibits 16_7, 16_8, and 16_21 through 16_27 (containing bills of lading for raw materials throughout).

[126] *See* Norca Second Supplemental RFI Response Section 2 (containing bills of lading and Goods Receiving Notes) and Norca Remand Supplemental Information at Exhibit NR1 (containing bills of lading).

The Vietnam customs clearance documents accompanying the bills of lading describe the imported products as "seamless" under HS Code 73049090.[127]  On the Vietnam customs clearance documents associated with one of the bills of lading, the imported raw materials were listed as "long steel pipe;" however, CBP notes that it was not able to match this bill of lading to documents on the record of the investigation and thus to any POI entries of CSBW pipe fittings.[128]  On the Vietnam customs clearance documents associated with the other bills of lading, CBP observed the imported raw materials were listed as "seamless" products such as "SEAMLESS-LR90STD-12INCH" with the dimensions 219*10*1090(mm), "SEAMLESS-TEESTD-6INCH" with the dimensions 168*7*480(mm), and "SEAMLESS-ECCREDSTD-4*3INCH" with the dimensions 114*6*105(mm).[129]  Based on the relatively short lengths of the products (1090 mm, 480 mm, and 105 mm, or approximately 43, 19, and 4 inches, respectively, for the aforementioned examples), it is clear that the raw materials listed on the Vietnam customs clearance documents are cut pieces of seamless pipe.  Further, the descriptions accompanying the product dimensions indicate that the cut pieces of seamless pipe are destined to be made into specific products (using the aforementioned examples, 90-degree long radius elbows ("LR90")[130], tees ("TEE"), and eccentric reducers ("ECCRED"), respectively).[131]  The

---

[127] *See* Norca Second Supplemental RFI Response Section 2 and Norca Remand May 16, 2022, Supplemental Information at Exhibit NR1 (both containing Vietnam customs clearances ("Declaration of imported goods (customs clearance)") throughout).

[128] *See* Norca Remand May 16, 2022, Supplemental Information at Exhibit NR1, specifically, Exhibit R2.11 for raw material bill of lading number OOLU2633185970, and Exhibit NR2.  In particular, CBP was unable to match this bill of lading to Norca Second Supplemental RFI Response Section 2 and thus to any of Norca's POI entries of CSBW pipe fittings.

[129] *See* Norca Remand Supplemental Information at Exhibit NR1.

[130] *See* Norca Remand Supplemental Information at Exhibit NR1, specifically, Exhibit R2.3 at page 3/50 of the Vietnam customs clearance document, which contains a translation from Vietnamese to English indicating that the product is "Seamless pipe for producing 90 long radius elbow").

[131] *See* Norca Remand Supplemental Information at Exhibit NR1, specifically, Exhibits R2.1 through R2.10; *see also* Norca Remand Supplemental Information at Exhibit NR2.  CBP notes that in the Trade Atlas Data in Exhibit NR2, the product details listed for some of the bills of lading contain an English translation of the intended use of the raw materials.

associated raw material contracts and invoices reflect the same numeric product descriptions (*e.g.*, 219*10*1090(mm)).[132]  CBP finds that the aforementioned documentation for raw materials with numeric product descriptions reflects shorter length cut pieces of seamless pipe, and the associated product descriptions on the Vietnam customs clearance documents suggest that the products are intended for production into specific CSBW pipe fittings.

CBP also examined and considered the information that Norca's customer, [ *Norca's Customer*], submitted to CBP regarding a November 2019 visit to BW Fittings' factory that was placed on the record during the remand.[133]  CBP observed that one of the photographs submitted by Norca's customer depicts long-length pipe,[134] while other photographs show short (*i.e.*, cut) pieces of pipe of varying dimensions[135] or tags on pipe containing a numeric product description (219mm*9.8mm*1090mm), another product description ("LR90 12" STD"), and other information (*e.g.*, container number and order number).[136]  CBP observed that the container number (BSIU9332106) and order numbers (VN-1900051 and VN-1900052) on the tags in the photographs correspond with documentation provided for one of the shipments of cut seamless pipe imported by BW Fittings.[137]  As a result, the information provided by Norca's customer supports CBP's finding that the numeric product descriptions on the raw material suppliers' contracts and invoices reflected shorter length, cut pipe.  In addition, the product description

---

[132] *Id.*

[133] *See* Email from Norca's Customer, "RE: EAPA Cons. Case 7335: Request for Information to Customer of Norca Industrial Company, LLC" (Jun. 12, 2020); Factory Review Submitted by Norca's Customer (Jun. 12, 2020); Various Photographs Submitted by Norca's Customer (Jun. 17, 2020); Email from Norca's Customer, "RE: EAPA Cons. Case 7335: Request for Information to Customer of Norca Industrial Company, LLC" (Jun. 17, 2020); Email from Norca's Customer to CBP, "RE: EAPA Cons. Case 7335: Follow up Questions to Customer of Norca Industrial Company, LLC" (Jun. 29, 2020); and BW Video Submitted by Norca's Customer (Jun. 29, 2020).

[134] *See* Norca's Customer Photograph IMG_20191113_114205312 (Jun. 17, 2020).

[135] *See* Norca's Customer Photographs IMG_20191113_114227177 and IMG_20191113_114213703 (Jun. 17, 2020).

[136] *See* Norca's Customer Photographs IMG_20191113_114010088, IMG_20191113_114013796_HDR, and IMG_20191113_114023149 (Jun. 17, 2020).

[137] *Compare id.* *with* Norca Remand Supplemental Information at Exhibit NR1, specifically, Exhibit R2.4.

(LR90 12" STD) accompanying the numeric description (219mm*9.8mm*1090mm) on the tag in the photograph is consistent with CBP's finding that the product descriptions on Vietnam customs clearance documents associated with raw material contracts and invoices containing numeric product descriptions indicate the cut seamless pipe is intended for the production of a specific CSBW pipe fitting (in this instance, a 90-degree long radius elbow).[138]

In January 2020, the Regional CBP Attaché conducted a preliminary on-site visit at BW Fittings' facility in Vietnam.[139]  The CBP Attaché observed equipment for cutting seamless pipe ("bending," *i.e.*, bend-saw, machines) and machines used for forming the pipe into elbows, tees, *etc.*,[140] both of which would be used for the first step of production of CSBW pipe fittings. Moreover, the CBP visit team observed "[*size*  ] diameter steel tube {in} cut to length pieces, approximately [*size range*] in length;" BW Fittings explained that it imported [*size*  ] diameter tubes "in cut, ready-to-form sizes from China since {BW Fittings} lacked the cutting capacity" for [*size*   ] diameter long length pipe.[141]  The CBP Attaché concluded that BW Fittings *description* "currently has the capacity to produce carbon steel butt-weld pipe fittings."[142]

In short, CBP determines for this remand redetermination that while the record does not appear to contain any evidence that BW Fittings imported long-length seamless pipe for the production of the CSBW pipe fittings exported to Norca and IPPG during the POI, the record does contain evidence that BW Fittings imported and used shorter length, cut pieces of seamless pipe to manufacture the CSBW pipe fittings.  Accordingly, the CSBW pipe fittings made by BW

---

[138] *See* Norca Remand Supplemental Information at Exhibit NR1, specifically, Exhibits R2.1 through R2.10; *see also* Norca Remand Supplemental Information at Exhibit NR2.
[139] *See* CBP Interoffice Memorandum from the Regional CBP Attaché to the Executive Director of the Trade Remedy Law Enforcement Division (Jan. 15, 2020) (Pub. Doc. Nos 58 and 59) (CBP Attaché Preliminary On-Site Visit Report).
[140] *Id*. at 3.
[141] *Id*.
[142] *Id*. at 4.

Fittings in Vietnam from Chinese-origin seamless carbon steel pipe and/or steel plate would be considered country of origin Vietnam and not subject to the AD Order.

## IV.    Written Arguments Presented by the Parties

Norca argues that CBP had no lawful basis to initiate the investigation against Norca and IPPG.  As explained in the Notice of Initiation of Investigation and Interim Measures (NOI), TRLED established pursuant to 19 C.F.R. § 165.15(b) that the allegation filed by Allied reasonably suggested that Norca and IPPG entered merchandise covered by the AD Order into the customs territory for consumption through evasion.

A review of the shipment data submitted by the Alleger showed a shift in production of the CSBW pipe fittings IPPG and Norca were importing into the United States from Alliance Fittings Industry (AFI) in Malaysia to BW Fittings consistent with the timing of the anti-circumvention inquiry into CSBW pipe fittings exported from Malaysia.[143]  Allied alleged that one of BW Fittings' suppliers, HPCO, a Chinese producer of CSBW pipe fittings, transshipped covered merchandise through BW Fittings to avoid AD duties totaling 182.9 percent.[144]  To substantiate this, Allied pointed to the lack of direct imports into the United States from the Chinese producer in over a year as well as evidence from HPCO's website that the same individual (apparently a sales manager named Zachary) was promoting CSBW pipe fittings from both HPCO and BWF.[145]

Allied provided several affidavits indicating that BW Fittings was not producing all, or potentially any, CSBW pipe fittings that were being imported by Norca and IPPG.  Affiants from the Alleger who visited the manufacturing facility in Vietnam in June 2018 reported that

---

[143] NOI at 9.
[144] NOI at 2.
[145] *Id*. at 2.

HPCO's sales manager indicated there was nothing to see at the BW Fittings facility as the production equipment had been tied up at Vietnam Customs.[146]  When another Allied representative visited the BW Fittings manufacturing facility on [ *date* ], he did not observe any manufacturing activities taking place.[147]  Further, in April 2018, a representative from Allied Group met with "Zachary" at a tube exhibition in Germany where he was representing both HPCO and BW Fittings.[148]  According to Allied, when Allied Group attempted to visit BW Fittings' manufacturing facility in Vietnam shortly after the tube exhibition, BW Fittings' officials "refused" and stated that production equipment had not been installed.[149]

Another affidavit submitted by Allied related to a visit to BW Fittings' facility in June 2018 and revealed that "Zachary" had stated that there was "nothing to show" at the location because production equipment was held up in Vietnam Customs.[150]  The Allied representatives noticed during that visit that there were 15 pallets of fittings, including finished fittings but no production equipment.[151]  Even later, on [ *date* ], an affidavit submitted by Allied states that one of its representatives visited the BW Fittings' manufacturing facility and did not witness noise or odors and observed a building that seemed too small to house the required equipment to produce CSBW pipe fittings.[152]  The affiant declared that he did not see production-related activity or equipment but did notice crates and pallets containing fully finished CSBW pipe fittings as well as unfinished or semi-finished CSBW pipe fittings.[153]  At the time of the initiation, TRLED assessed the totality of the evidence submitted by the Alleger,

---

[146] *Id*. at 9.
[147] *Id*.
[148] *Id*. at 3.
[149] *Id.* at 3.
[150] *Id*.at 4.
[151] *Id*.
[152] *Id*.
[153] *Id*.

and concluded that the allegation reasonably suggested that the CSBW pipe fittings imported by

IPPG and Norca were covered merchandise entered into the United States through evasion.

The Importers assert in their written arguments that there must be culpability on the part

of the importer for liability to attach under 19 U.S.C. § 1517 for evasion and cite the recent

*Diamond Tools* case in support.[154]   The EAPA statute states:

> the term "evasion" refers to entering covered merchandise into the customs territory of
> the United States by means of any document or electronically transmitted data or
> information, written or oral statement, or act that is material and false, or any omission
> that is material, and that results in any cash deposit or other security or any amount of
> applicable antidumping or countervailing duties being reduced or not being applied with
> respect to the merchandise.[155]

As such, evasion occurs where a material false statement or omission is made that results

in the applicable AD/CVD duties not being paid, regardless of whether the importer did so with

any level of culpability or scienter.  In *Ikadan*, the Court held that with regards to evasion,

"nothing in the definition requires that a materially false statement or omission be made with a

particular state of mind."[156]  Thus, CBP was not required to determine whether the Importers

acted with any level of culpability in evaluating whether the allegation reasonably suggested that

evasion occurred.  TRLED stated in the NOI that the evidence presented in the allegation, taken

in its "totality," reasonably suggested that IPPG and Norca had entered CSBW pipe fittings

covered by the AD Order through evasion.[157]

Norca further argues that CBP's findings combined with Commerce's covered

merchandise determination mandate a finding that neither Norca nor IPPG entered covered

merchandise into the United States.  As discussed above, TRLED is finding that no covered

---

[154] *See* Norca and IPPG November 13, 2023, Written Arguments at 30.
[155] 19 U.S.C. § 1517(a)(5).
[156] *Ikadan Sys. USA, Inc. v. United States*, 639 F. Supp. 3d 1339, 1348 (Ct. Int'l Trade June 13, 2023).
[157] NOI at 5.

merchandise was entered by Norca and IPPG during the POI and thus is determining that no evasion occurred.

Additionally, Norca posits that the record evidence confirms that since September 2019, BW Fittings has performed the first and subsequent productions step at its facility in Vietnam. Specifically, CBP's own attaché report confirms that BW Fittings purchased and used seamless pipe in its production of finished CSBW pipe fittings. As discussed above, TRLED finds that since September 2019, BW Fittings utilized steel pipe to produce the CSBW pipe fittings that were imported by Norca and IPPG. Further, record evidence demonstrates that BW Fittings performed all three production steps on the steel pipe starting in September 2019, although the record shows that BW Fittings purchased some rough fittings in December 2019 and January 2020 to supplement production due to increased demand.[158]

Norca also argues that the record evidence confirms that BW Fittings performed at least the second and third steps of the production process in Vietnam during the POI. As discussed above, TRLED agrees that at least the second and third steps of the production process were completed in Vietnam for the CSBW pipe fittings imported by Norca and IPPG during the POI.

Norca further states that CBP cannot find that Norca and IPPG entered covered merchandise through evasion. According to Norca, the mere entry of "covered merchandise" does not mean such entry was by means of evasion and that CBP cannot identify any material false statement or omission made by Norca and IPPG in the entry of CSBW pipe fittings from Vietnam during the POI. CBP reiterates that for evasion to be present, per 19 U.S.C. § 1517(a)(5)(A), an entity must: (1) enter covered merchandise into the customs territory of the

---

[158] *See* BW Fittings RFI Response Exhibit 6, specifically, Asia Piping raw material sales contract and invoice19123101 dated December 31, 2019, and Asia Piping raw material sales contract and invoice 20011901 dated January 19, 2020; *see also* Norca and IPPG November 13, 2023, Additional Evidence at Declaration, ¶ 8.

United States, (2) by means of a material false statement or omission, (3) which results in no AD duties not being applied or being reduced.  Since TRLED finds that the Importers did not enter covered merchandise during the POI, and thus, determines the absence of evasion, CBP does not address these arguments in detail.

Norca and IPPG both argue that CBP deprived Norca and IPPG of due process by basing the final determination on new allegations of perceived document discrepancies that CBP never provided an opportunity to explain—and compounded that violation by refusing to accept supplemental information from Norca, IPPG, and BW Fittings.

CBP is no longer determining that evasion occurred and therefore views any due process concerns as moot.  However, CBP notes that during the remand, the agency initially provided the parties to the investigation an opportunity to submit rebuttal information pertinent to the revised public versions (with public summaries) of documents and the documents generated between CBP and Norca's customer.[159]  Because Norca submitted new factual information and comments that went beyond these parameters and because BW Fittings, which was not a party to the investigation, provided the narrative portion and additional documents, CBP rejected the entirety of Norca's submission but permitted Norca to resubmit it upon remedying those issues.[160]  CBP accepted Norca's resubmission.[161]  Subsequent to Commerce's Covered Merchandise Inquiry, CBP provided the parties to the investigation with an opportunity to submit additional evidence, particularly with respect to what steps of the production process were being performed in

---

[159] *See* CBP Email, "EAPA 7335 Remand - Availability of Administrative Record and Submission of Rebuttal Information and Written Arguments" (Apr. 26, 2022).
[160] *See* CBP Email, "EAPA 7335 Remand - Rejection of Rebuttal Information and Extension of Written Argument Deadline" (May 12, 2022).
[161] *See* Norca Remand May 16, 2022, Supplemental Information.

Vietnam,[162] and in response Norca and IPPG submitted additional evidence.[163]  CBP's review of the additional evidence presented by the Importers during this remand in conjunction with information on the record of the original investigation and the information from Norca's customer placed on the record during the remand enabled TRLED to establish the manufacturing processes that were occurring throughout the POI and ultimately resulted in a determination of no evasion.

Finally, Norca posits that CBP improperly and unreasonably drew adverse inferences against Norca based on alleged discrepancies and issues with certain information BW Fittings provided during the investigation.

TRLED's Final Determination and this Remand Redetermination do not rely on adverse inferences pursuant to 19 U.S.C. § 1517(c)(3).  Instead, as TRLED asserted in its determination as to evasion, the initial decision was based on the lack of record evidence that BW Fittings purchased or utilized seamless pipe or seamless plate as the raw material to produce the CSBW pipe fittings along with evidence that Chinese-origin rough fittings were the inputs used, which TRLED initially determined fell within the plain language of the scope of the AD Order.[164]  As articulated above, based on evidence placed on the record during this remand, including the results of Commerce's Covered Merchandise Inquiry, CBP no longer finds that evasion occurred.

## V.    COMMENTS BY PARTIES TO THE INVESTIGATION

---

[162] *See* CBP Email, "EAPA 7335 Remand (7717) - Opportunity to Submit Written Arguments and Add'l Evidence and Extension of JPO" (Oct. 27, 2023).
[163] *See* Norca and IPPG November 13, 2023, Additional Evidence.
[164] Final Determination at 13-14.

On January 8, 2024, the Importers submitted comments on the draft remand redetermination.[165]  In their submission, Norca and IPPG agreed with CBP's determination on remand that neither importer entered covered merchandise into the United States by means of evasion.  The Importers request that CBP liquidate the entries per 19 C.F.R. § 165.24, which provides that CBP will cease applying interim measures if a finding of no evasion is made.  In order to avoid potentially unnecessary administrative burden, CBP will continue to suspend and extend liquidation of entries subject to EAPA Cons. Case No. 7335 until a final and conclusive decision is issued by the U.S. Court of International Trade in this case, including all appeals and remand proceedings.  In the meantime, CBP will process the refunds of cash deposits paid by the Importers on the entries subject to the investigation.  Interim measures implemented on February 10, 2020 are terminated, and CBP will not suspend liquidation of any merchandise entered for consumption, or withdrawn from warehouse for consumption, on or after the date of this remand redetermination.

## VI.    CONCLUSION

As stated above, after considering the administrative record, TRLED determines that Norca and IPPG did not enter covered merchandise into the customs territory of the United States through evasion.  R&R also finds, through *de novo* administrative review, that the Importers did not enter covered merchandise into the customs territory of the United States through evasion.  R&R's determination is attached as an addendum.

---

[165] *See* Norca and IPPG January 8, 2024, Comments on Draft Remand Redetermination.

/S/   VICTORIA Y CHO

Digitally signed by
VICTORIA Y CHO
Date: 2024.01.22
17:21:48 -05'00'

Victoria Cho
Director, Enforcement Operations Division
Trade Remedies Law Enforcement Directorate
Office of Trade
U.S. Customs and Border Protection

90 K Street NE
Washington, DC 20002

**U.S. Customs and
Border Protection**

January 22, 2024

**PUBLIC DOCUMENT**

OT:RR:BSTC:PEN  H334839 RDJ
            x-ref:   H315685 RDJ

Jeremy W. Dutra, Esq.
On behalf of Norca Industrial Company LLC
and International Piping & Procurement Group, LP
Squire Patton Boggs (US) LLP
2550 M Street, NW
Washington, DC 20037

Camelia Mazard, Esq.
On behalf of Allied Group
Doyle, Barrow & Mazard PLLC
1776 K Street, NW
Washington, DC 20006

Re:    Remand Redetermination of Regulations and Rulings for Enforce and Protect Act
       ("EAPA") Consolidated Case Number 7335 (Remand Number 7717); *Certain Carbon Steel
       Butt-Weld Pipe Fittings from the People's Republic of China: Antidumping Duty Order*, 57 Fed. Reg.
       29,702 (Dep't of Commerce July 6, 1992); Norca Industrial Company, LLC and
       International Piping & Procurement Group, LP; 19 U.S.C. § 1517

Dear Counsel:

        This is the remand redetermination of Regulations and Rulings ("R&R"), Office of Trade
("OT"), U.S. Customs and Border Protection ("CBP"), made pursuant to the March 11, 2022
decision issued by the U.S. Court of International Trade in *Norca Industrial Co., LLC v. United States*,
561 F. Supp. 3d 1379 (Ct. Int'l Trade 2022), remanding CBP's determination of evasion of the
antidumping duty order on certain carbon steel butt-weld pipe fittings from the People's Republic of
China (the "Remand Order").  During the course of the remand proceeding, OT's Trade Remedy
Law Enforcement Directorate ("TRLED") determined that a covered merchandise referral to the
Department of Commerce ("Commerce") was needed for Commerce to determine whether the
subject entries contained covered merchandise, thus prolonging the remand proceeding until
Commerce was able to issue a decision.

**PUBLIC DOCUMENT**

This R&R remand redetermination is made concurrently with the redetermination by TRLED in EAPA Consolidated Case Number 7335 (hereinafter referred to as the "TRLED Redetermination").[1]

On December 21, 2023, TRLED and R&R issued draft remand redeterminations to the parties. The parties were afforded an opportunity to provide written comments on the draft remand redeterminations. Norca Industrial Company, LLC ("Norca") and International Piping & Procurement Group, LP ("IPPG") (collectively, the "Importers") jointly submitted Comments on Draft Remand Redetermination, agreeing with TRLED's remand redetermination and R&R's remand redetermination and requesting that TRLED and R&R continue to make the same findings in their respective final remand results.[2] Allied Group did not submit any comments. R&R reviewed and considered the joint comments of the Importers prior to finalizing this remand redetermination. No substantive changes have been made to R&R's remand redetermination.

In the TRLED Redetermination, TRLED has reconsidered its prior Determination of Evasion, dated November 6, 2020 ("Original TRLED Determination"), in which TRLED found substantial evidence of evasion by Norca and IPPG. TRLED is rendering its Redetermination after completion of the covered merchandise referral to Commerce,[3] and after further review by TRLED of the administrative record during the remand period regarding Norca's and IPPG's entries of carbon steel butt-weld ("CSBW") pipe fittings from the Socialist Republic of Vietnam ("Vietnam").

In the Redetermination, TRLED is finding that evasion did not occur. R&R had previously affirmed the Original TRLED Determination,[4] but is required to reconsider its decision in light of the remand order, the remand proceeding, and TRLED's Redetermination.

Based on our review of the administrative record, including the results of the covered merchandise referral to Commerce and additional information and arguments made by the parties during the remand period, we agree with the Background and Evasion Determination sections set forth in the TRLED Redetermination. As such, we will not repeat the Background and Evasion Determination sections and incorporate them by reference as if fully set forth herein.

On October 2, 2023, Commerce transmitted to CBP Commerce's final results in the Covered Merchandise Inquiry,[5] which, in relevant part, determined that Chinese-origin "rough" CSBW pipe fittings that undergo the second and third stages of production (*i.e.*, heat treatment, resizing, and finishing) in Vietnam are not within the scope of the Antidumping Duty Order herein at issue. As discussed at length in the TRLED Redetermination, the administrative record demonstrates that the CSBW pipe fittings imported by Norca and IPPG into the United States

---

[1] *See* TRLED Redetermination, EAPA Cons. Case No. 7335 (Remand No. 7717).

[2] *See* Importers' Comments on Draft Remand Redetermination, dated January 8, 2024.

[3] *See* CBP Letter, "Covered Merchandise Referral Request for Merchandise Under EAPA Consolidated Case Number 7335 (Remand Number 7717), Imported by Norca Industrial Company, LLC and International Piping & Procurement Group, LP: Antidumping Duty Order on Certain Carbon Steel Butt-Weld Pipe Fittings from the People's Republic of China" (Sept. 6, 2022).

[4] *See* Administrative Review Determination (Mar. 22, 2021) (Pub. Doc. No. 379).

[5] *See* Letter from Commerce, "Covered Merchandise Referral Regarding EAPA Investigation No. 7335" (Oct. 2, 2023) (Commerce Transmittal Letter); *see also id.* at Attachment (providing Commerce Memorandum, "Decision Memorandum for the Final Results of Covered Merchandise Inquiry – EAPA Inv. 7335: Certain Carbon Steel Butt-Weld Pipe Fittings from the People's Republic of China" (Sept. 29, 2023)).

**PUBLIC DOCUMENT**

underwent the second and third stages of production in Vietnam.  As such, in accordance with Commerce's final results pursuant to the covered merchandise referral, these products were not covered merchandise.  Accordingly, the TRLED Redetermination finds that Norca and IPPG did not enter covered merchandise into the United States by means of evasion.

Based on our *de novo* review of the administrative record, as supplemented on remand, we also conclude that the imported products at issue were not covered merchandise, as described by Commerce.  Thus, the TRLED Redetermination finding no evasion is **AFFIRMED**.

Sincerely,

SARAH J SILBERMAN
Digitally signed by SARAH J SILBERMAN
Date: 2024.01.22 18:05:15 -05'00'

Sarah J. Silberman *for*
Jacinto P. Juarez, Jr.
Supervisory Attorney-Advisor
Regulations and Rulings, Office of Trade
U.S. Customs and Border Protection

Approved by:

ALICE A KIPEL
Digitally signed by ALICE A KIPEL
Date: 2024.01.22 18:18:43 -05'00'

Alice A. Kipel
Executive Director
Regulations and Rulings, Office of Trade
U.S. Customs and Border Protection