UNITED STATES COURT OF INTERNATIONAL TRADE

Before: The Honorable Jennifer Choe-Groves, Judge

| | |
|---|---|
| NORCA INDUSTRUAL COMPANY, LLC,<br><br>Plaintiff,<br><br>and<br><br>INTERNATIONAL PIPING & PROCUREMENT GROUP, LP,<br><br>Consolidated Plaintiff<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Consol. Court No. 21-00192 |

**NORCA AND IPPG COMMENTS ON REMAND REDETERMINATION**

On January 22, 2024, U.S. Customs & Border Protection ("CBP") filed its final remand redetermination ("Remand Redetermination") with the Court in this action. Norca Industrial Company, LLC ("Norca") and International Piping & Procurement Group, LP ("IPPG") submit these brief comments on the Remand Redetermination.

Since the outset of this investigation, Norca and IPPG argued that Chinese-origin "rough" carbon steel butt-weld ("CSBW") pipe fittings, *i.e.* fittings that undergo only the first stage of production in China, are not covered by the antidumping duty order on CSBW pipe fittings from China ("AD Order").[1] U.S. Department of Commerce ("Commerce") confirmed this fact during

---

[1] *Antidumping Duty Order and Amendment to the Final Determination of Sales at Less Than Fair Value; Certain Carbon Steel Butt-Weld Pipe Fittings From the People's Republic of China*, 57 Fed. Reg. 29,702 (Dept. of Commerce Jul. 6, 1992).

the covered merchandise inquiry, finding Chinese-origin "rough" CSBW pipe fittings that undergo the second and third stages of production (*i.e.*, heat treatment, resizing, and finishing) in Vietnam are not within the scope of the AD Order.[2]

In its Remand Redetermination, CBP correctly finds, based on record evidence, that the CSBW pipe fittings produced by BW Fittings in Vietnam that Norca and IPPG imported during the period of investigation are not "covered merchandise." Specifically, the record establishes that throughout the entire period of investigation, BW Fittings conducted at least the second and third stages of production at its facility in Vietnam using rough fittings imported from China to manufacture the CSBW pipe fittings that Norca and IPPG entered into the United States. CBP also agrees that the record shows that BW Fittings manufactured CSBW pipe fittings by performing all three stages of production in Vietnam using seamless pipe.

Based on the Final CMI Results and administrative record, CBP reversed its prior affirmative evasion determination and now finds that Norca and IPPG did not enter covered merchandise into the United States by means of evasion. Norca and IPPG agree with this determination and request that the Court sustain the Remand Redetermination.

Having made a negative determination, CBP correctly terminated the interim measures implemented on February 10, 2020. CBP, however, declined to liquidate the entries previously suspended until a final and conclusive decision is issued by the Court in this case, including all appeals and remand proceedings. Respectfully, there will be no appeal here. Norca and IPPG

---

[2] Commerce, *Decision Memorandum for the Final Results of Covered Merchandise Inquiry – EAPA Inv. 7335: Certain Carbon Steel Butt-Weld Pipe Fittings from the People's Republic of China*, dated Sept. 29, 2023 ("Final CMI Results") at p. 19; *see also Certain Carbon Steel Butt-Weld Pipe Fittings From the People's Republic of China: Final Determination of Covered Merchandise Inquiry*, 88 Fed. Reg.69909 (Dep't of Commerce Oct. 10, 2023) ("rough fittings originating from China that undergo the second and third stages of production in Vietnam are not subject to the scope of the *Order*").

succeeded in their challenge to the original evasion determination. The United States, moreover, did not make its finding of no evasion under protest. And Allied, the instigator of this matter, long ago abandoned any participation at the Court or before CBP, thus waiving any right to appeal.

But for the now terminated interim measures, the entries would have liquidated over three years ago and there would never have been the bonding referenced below. Any administrative burden to CBP in immediately liquidating the entry pales in comparison to the harm imposed on the importers. As Norca explained previously, non-liquidation has caused financial harm to the company owing to its being required to collateralize the U.S. customs bond for the entries previously suspended, which continues to deprive this small business access to nearly $2 million in working capital. Under the circumstances, Norca and IPPG request that the previously suspended entries be immediately liquidated upon entry of the Court's judgment.

Date: January 29, 2024

Respectfully submitted,

*/s/ Jeremy W. Dutra*
Peter Koenig
peter.koenig@squirepb.com
Jeremy W. Dutra
jeremy.dutra@squirepb.com
Christopher D. Clark
christopher.clark@squirepb.com

SQUIRE PATTON BOGGS (US) LLP
2550 M Street, NW
Washington, DC 20037
(202) 457-6000

*Counsel to Plaintiffs
Norca Industrial Company, LLC and
International Piping & Procurement
Group, LP*
